No. 10,959.

## Taylor Bros. Iron Works Co., Limited, vs. The City of New Orleans.

Articles manufactured in this State for agricultural purposes, when more than five-hands are employed, are exempt from taxation under Article 207 of the Constitution.

Articles not manufactured in this State, and carried in stock by the manufacturer with his articles manufactured here, although incidental to his business, are subject to taxation.

When the assessment is null and void, being in contravention of the Constitution, the nullity of the assessment can be urged at any time.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

A. L. *Tissot* and *Branch K. Miller* for Plaintiffs and Appellees:

Movable property is not followed into the hands of the purchaser by a lien for taxes assessed in the name of the vendor.

Where a party is assessed " on merchandise and stock in trade," which as a matter of fact is composed partly of goods exempt from taxation and in part of goods not so exempt, the tax will be canceled so far as concerns the exempt property, and will be maintained only as to the property which is not exempt. Carre vs. City of New Orleans, 41 An. 996; 38 An. 397.

D. B. H. *Chaffee*, W. B. *Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Defendant and Appellant:

An application for a reduction of assessment made to the Committee of Revision is a condition precedent to a suit for that purpose. Sec. 26, Act No. 85 of 1888, p. 122; Secs. 25, 26, Act No. 106 of 1890, p. 132; Shattuck & Hoffman vs. New Orleans, 39 An. 205; Leeds & Co. vs. Treasurer, 43 An. 813; 9. So. R. 488.

The opinion of the court was delivered by

McENERY, J. The plaintiffs are manufacturers of sugar machinery and agricultural implements.

The personal property in their business was assessed for ten thousand dollars, as merchandise or stock in trade. They obtained an injunction to restrain the city tax collector from seizing and selling the same on the ground that the assessment is in violation of Article 207 of the Constitution of the State. There was judgment for the plaintiffs reducing the assessment, and the city has appealed.

An objection was raised on the introduction of certain evidence by the city that, as plaintiffs had not made application in the proper time to have the assessment reduced or annulled, they were estopped from urging the same after the assessment had been closed for correction.

Where property is the object of taxation this defence would be good.

But in this case the assessment is alleged to be null and void because in conflict with and in violation of an express constitutional prohibition.

If null and void when made because in violation of a prohibitory law no acquiescence can give it validity.

The plaintiffs carried in stock articles of their own manufacture.

For the service of the engines, agricultural implements and sugar machinery that they manufactured, it was necessary for them to keep some articles which were accessories to the successful carrying on of their manufacturing interests.

They were agents for a certain line of steam pumps, which were ordered by telegraph for their customers. Sometimes they were not called for and would accumulate, and they would then be sold to any one who would buy them. They kept eight or nine of these pumps on hand. They also kept duplicate parts of these pumps and of western centrifugals and of Chandler and Taylor engines.

These articles carried in stock amounted to about $4000.

The excess in the assessment was upon articles manufactured by plaintiffs, and is therefore null and void. Art. 207 of the Constitution.

These articles which were not manufactured by plaintiffs are taxable. Smith & Boullemet vs. City, *ante*, p. —.

Judgment affirmed.