SARTAIN, Judge.
This is an appeal from a judgment rendered favorably to the Louisiana Tax Commission which dismissed plaintiff’s suit in the District Court on a peremptory exception of no right of action.
Ford Motor Credit Company has challenged certain tax assessments for the year 1969 made against their intangible credits at the direction of the defendant Tax Commission and implemented by the ex-officio tax collectors in the six parishes of this State in which plaintiff does business. The record indicates that Ford Motor Credit Company was assessed ad valorem taxes upon its 1968 accounts receivable in the amount of $82,370.47 which it has paid into the registry of the Nineteenth Judicial District Court. On December 15, 1969, they brought this action to annul those assessments, alleging that the intangibles upon which the taxes were levied are exempt from taxation under the provisions of Article X, Section 4, Paragraph 3 of the Louisiana Constitution of 1921. In the alternative, they state that if the taxes are constitutional, certain errors were made in calculating the assessment and, further, that certain of their rights under the United States and Louisiana Constitutions relative to discriminatory taxing practices have been violated.
Ford Motor Credit Company, through its Louisiana branch offices, finances the inventories of Ford dealers within an office’s respective territory by retaining a dealer’s promissory note and signed trust receipt in connection with each purchase of automobiles. The trust receipt purports to provide the lender with security upon the vehicles in the dealer’s possession. It is the accounts receivable due the plaintiff from their various dealers against which the Tax Commission seeks to impose ad valorem property taxes.
In response to petitioner’s suit, the defendant raised the peremptory exceptions of no right and no cause of action, failure to exhaust administrative remedies prior to institution of suit, and a peremptory exception based upon Ford’s alleged failure to comply with certain statutory requirements requisite to the filing of such an action.
A hearing in the trial court on the exceptions concerned itself primarily with the taking of testimony relative to the alleged late filing by petitioner of its tax return and the various details relating to that alleged event. Pursuant to that hearing, judgment was rendered sustaining the exception of no right of action and dismissing plaintiff’s suit. Ford has perfected this timely appeal. We are compelled to reverse.
As evidenced by his written reasons for judgment, the trial judge concluded that the exception of no right of action was proper here by finding that the plaintiff was, in fact, seeking the exemption from taxation of “credits” which, under the authority of Southland Investment Company v. Jeter, 171 La. 106, 129 So. 722 (1930), is a type of property receiving no Constitutional exemption; that since the challenge was directed toward non-exempt “credits”, that it must be construed to be an attack upon the amount assessed, rather than the tax itself and, as the petitioner had failed to timely file its 1969 sworn list or return of property, that its suit must be dismissed. This dismissal was squarely premised upon the ruling by our Supreme Court in Dixon *395 v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965), which upheld certain statutory time limitations upon tax assessment challenges, as will be more fully discussed at a later point herein.
There is a serious dispute between plaintiff and the Commission with respect to whether or not plaintiff’s return was in fact timely. The chronology of events per-. tinent to this issue is as follows: On or about January 1, 1969, the Commission mailed to plaintiff a notification that duplicate forms must be filed on or before April 1, 1969. The relevant portion of this notice provides reporting of “all loan and finance companies must file a monthly analysis of all personal loans, chattel mortgages, honor loans, and bills payable”. On March 20, 1969, plaintiff filed a “property tax report” with the Commission covering six offices but listed only furniture and fixtures. Plaintiff contends that this report was in accordance with a custom and practice it had followed for many years with the apparent approval of the Commission. On July 15, 1969, the Commission addressed a letter to plaintiff indicating that the report failed to show “loans secured by mortgage, personal endorsement and floor plan notes secured by trust receipts” and requested plaintiff to furnish such information within ten days. The requested information was supplied on August 25, 1969. The accompanying letter expressed appreciation for the additional time granted to plaintiff to collect the requested data and also contained an expression on the part of the plaintiff that the “floor plan” financing came within the purview of Article X, Section 4(3) of the Louisiana Constitution and was therefore exempt from taxation. On September 3, 1969, the Commission advised plaintiff by letter that it disagreed with the latter’s interpretation of the exempt status of its intangibles and assigned 1969 assessments for six parishes. The letter concluded with the statement “After you have checked the above assessments and if you are not satisfied, we will be very glad to arrange a meeting for you with the members of this Commission”. A meeting was requested and set for November 3, 1969. At the conclusion of the meeting between plaintiff and members of the Commission, the record reflects that a legal opinion would be requested of the Attorney General. Whether or not such a request was made is not shown. On November 24, 1969, plaintiff’s attorney was notified that the Commission would adhere to its previous assessment. Under these facts we conclude that plaintiff’s return was filed timely and in accordance with a practice followed by it for many years. This is not to say that plaintiff is privileged to continue such reporting in the future because it is clearly within the authority of the Tax Commission to prescribe, within reason, the items which are to be reported so that the final determination as to any claimed exemption may be made by the Commission and not the taxpayer. However, we do not believe that it would be fair or just to the plaintiff to require strict adherence to its notice of January 1, 1969, which specifically required the reporting of “personal loans, etc.” in view of the apparent acquiescence by former members of the Commission as to plaintiff’s previous manner of reporting. Plaintiff has furnished the requested information and the basic issue which must be decided is whether or not the constitutional exemption is applicable.
We now consider the propriety of the exception of no right of action. Ordinarily, the exception is one that addresses itself to the issue of whether or not a plaintiff has a legal interest in the subject matter of the litigation. See Bielkiewicz v. Rudisill, 201 So.2d 136 (3d La.App., 1967) and Langley v. Copolymer Rubber and Chemical Corporation, 233 So.2d 353 (1st La.App., 1970). However, the exception in the instant matter must be carried one step further to include the recognition of a right that previously existed but which, for statutory reasons, has been lost. L.R.S. 47:1998, infra, provides that a taxpayer must file a “sworn list or return *396 of his property for taxation on or before the first day of April of any year” to retain the right to institute a suit contesting the correctness or legality of any assessment. The exception of no right of action has also been properly invoked in situations where the right to a particular remedy has been granted conditionally. 9 Tulane Law Review 17; Clark v. Physicians and Surgeons Hospital, Inc., 131 So.2d 144, 146 (2d La.App., 1961) and Willis v. State ex rel. Louisiana Department of Highways, 212 So.2d 555, 557 (1st La.App., 1968). The Commission contends that plaintiff’s right is a conditional one which has been forfeited. As hereinafter stated we do not agree with this contention and the exception of no right of action should have been overruled.
A similar disposition must be made of the exception of no cause of action, as the petition, within its four corners, sets out actionable circumstances when all stated there is considered to be true, as we are obliged to consider it for the purposes of that exception. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961). As counsel for plaintiff properly objected to all testimony taken at the hearing, other than that applying only to the exception of no right of action, none of that evidence may be here considered in support of the no cause exception. LSA-C.C.P. Art. 931; Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (3d Cir. La.App.1964) and cases cited therein.
The Tax Commission also interposed exceptions based upon the petitioner’s failure to exhaust administrative remedies and their failure to comply with the pronouncements in the Dixon case, supra, and the provisions of R.S. 47:1998.
As for the former, we are cited no authority which directs us to the available administrative remedies, nor are we shown in what ways the plaintiff failed to comply with established administrative procedures. The record indicates only that an accord could not be reached by the parties hereto after attempts were made to do so. Lacking a more tangible indication that administrative remedies were available which plaintiff refused to make use of, we are unable to deny them their day in Court on that basis.
R.S. 47:1998 provides in pertinent part:
“Any taxpayer in the state, the parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before the first day of April of any year, shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment made against the property listed on such return. * * * ”
In the Dixon case, supra, property owners in Caddo Parish instituted suit against their ex-officio tax collector claiming that the ad valorem tax annually assessed against their property was done in an unsystematic and thus, unconstitutional manner because the property in Caddo Parish had been assessed at the highest percentage of actual value of any parish in the state. They contended that they were being unconstitutionally discriminated against because of their high property assessments. That is, though fair on its face, the statute authorizing a statewide ad valorem tax of 5% mills, was being unconstitutionally applied to them.[1]
Upon reviewing R.S. 47:1998 and its prior jurisprudence, the Court positively stated that its requirements must be met in instances where the plaintiff taxpayers question the assessment of the tax as opposed to the constitutionality of the tax itself. At 176 So.2d 142, the Court said:
“While the ultimate object of plaintiffs’ suit is to have the property tax as applied to them declared unconstitutional, this object is dependent upon their being able to prove that the assessment upon which the tax is based is incorrect and *397 illegal. Their real complaint therefore is not of the tax as distinguished from the assessment, but is that their assessments are incorrect and illegal; and a suit which has as one of its objects to contest the correctness or legality of an assessment must satisfy the conditions of the second paragraph of R.S. 47:1998.”
Here, however, we have a direct attack upon the constitutionality of any and all taxes levied upon Ford’s accounts receivable. Paragraph XXI of plaintiff’s petition plainly claims the exemptions enumerated therein and as provided in Article X, Section 4, Paragraph 3 of our Constitution. The entire thrust of this lawsuit goes to the question of whether or not a tax can be constitutionally imposed, at all, upon these intangibles. They allege that any tax whatsoever is in contravention of the specifically guaranteed exemptions relied upon.
In view of these considerations, we find that the rule of the Dixon case relative to any failure on the plaintiff’s part to comply with statutory filing limitations is not presently apposite and that we must be guided by the Supreme Court’s prior ruling in State ex rel. United Seamen’s Service, Inc. v. City of New Orleans, 209 La. 797, 25 So.2d 596 (1946). There we find it said:
“But, where a tax exemption is granted by the Constitution, the time within which a suit may be brought to declare the property exempt from taxation cannot be limited by an act of the Legislature. Taylor Brothers’ Iron Works Co. v. City of New Orleans, 44 La.Ann. 554, 11 So. 3; Soniat v. Board of State Affairs, 146 La. 450, 83 So. 760. In the Taylor Brothers’ Iron Works Case the decision is expressed accurately in the syllabus, thus:
When the assessment is null and void, being in contravention of the constitution, the nullity of the assessment can be urged at any time.’
“This distinction, between statutes of limitation on the right to sue to annul an assessment, and statutes of limitation on the right to sue merely to reduce the amount of an assessment, is drawn clearly in Soniat v. Board of State Affairs, 146 La. [450] at page 456, 83 So. [760] at page 762, thus:
Where there is an alleged assessment of property that is exempt by law from taxation, or is not within the territorial jurisdiction of the assessor, * * * the limitation of time within which an action may be brought for its correction is inapplicable, and an action in nullity may be brought, without regard to such limitation; since such alleged assessment is not an assessment within the contemplation of the law, is not, and can never become, the basis for the levy of a valid tax, and may be annulled and canceled from the records, as may any other unwarranted incumbrance upon a title. * *
This ruling does not appear to have been modified by the Dixon decision or any other to which our attention has been directed. We find that Ford Motor Credit Company may attempt to avail themselves of these claimed exemptions.
Accordingly, for the above and foregoing reasons, the judgment of the district court sustaining the exception of no right of action is reversed and this matter is remanded for a trial on the merits. All such costs as are permitted by law are assessed against the Louisiana Tax Commission. All other costs are to await a final determination on the merits.
Reversed and remanded.

. R.S. 47:1701.