525 So.2d 1171 (1988)
WESTMINSTER MANAGEMENT CORPORATION, et al.,
v.
Paul C. MITCHELL, Jr., Director of Finance of the City of New Orleans.
PAN-AMERICAN LIFE INSURANCE COMPANY
v.
CITY OF NEW ORLEANS, et al.
PANACON, a Louisiana Partnership
v.
CITY OF NEW ORLEANS, et al.
BEVPAC PROPERTIES
v.
Paul C. MITCHELL, Jr., Director of Finance for the City of New Orleans.
No. 88-C-0516.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1988.
Rehearing Denied June 3, 1988.
*1172 Okla Jones II, City Atty., Jackson P. McNeely, Blaine G. Lecesne, Deputy City Attys., Galen S. Brown, M. Lizabeth Talbott, Robert E. Arceneaux, Barham & Churchill, P.C., New Orleans, for defendant-relator, Paul C. Mitchell, Jr., Director of Finance for the City of New Orleans.
Bertrand F. Artigues, Peggy Wallace, Coleman, Dutrey & Thomson, New Orleans, for plaintiffs-respondents Bevpac Properties, et al.
Mitchell W. Herzog, Donald A. Meyer, Betty F. Mullin, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, for Westminster Management Corp., plaintiff-respondent.
Moise S. Steeg, Jr., Robert M. Steeg, Steeg & O'Connor, New Orleans, for other Westminster plaintiffs and Pan-Am plaintiffs.
Before BYRNES, CIACCIO and WARD, JJ.
CIACCIO, Judge.
In this matter four separate law suits are consolidated. Plaintiffs are owners of real property in the First Assessment District of Orleans Parish. Defendant is Paul C. Mitchell, Jr. in his capacity as Director of Finance for New Orleans. Plaintiffs seek recovery of ad valorem taxes paid under protest.
We granted certiorari to review the district court judgment denying defendant's motion for summary judgment. Although a motion for summary judgment should address the substantive merits of an action, the parties have not addressed the substantive merits of this action, but have argued before the district court and this court procedural exceptions to the plaintiffs' petitions. Looking past the name and form of the pleadings, we consider their content and address the objections raised by the procedural exceptions to plaintiffs' petitions.
We find that plaintiffs failed to file their petitions timely. We hold that plaintiffs' actions have prescribed and that defendant's exception of prescription should be maintained. We, therefore, set aside the judgment of the district court and enter judgment maintaining defendant's exception of prescription and dismissing plaintiffs' suits.[1]
Plaintiffs sue the City's finance director for relief from a scheme of ad valorem tax assessment which they perceive to be non-uniform and unequal. Plaintiffs clothe their complaint in language challenging the constitutionality of Louisiana Revised Statutes Title 47 as applied to real estate taxation. They base their challenge on a claim that New Orleans is unique within the State's statutory framework for ad valorem taxation: New Orleans, plaintiffs argue, is the State's only political subdivision divided into multiple tax districts. La.R.S. 47:1901.[2]
In Orleans Parish there are seven tax assessors, one from each municipal district. La.R.S. 47:1901. The seven assessors constitute a board of assessors for the parish. La.R.S. 47:1909. Each assessor, however, independently exercises his functions in assessing and listing property in his district. La.R.S. 47:1909.
Plaintiffs complain that their property in the First Assessment District is not assessed on a uniform and equal basis relative to the assessment of property in the other six assessment districts. They claim that their property is assessed properly proportionate to fair market value, but that similar classes of property in the other *1173 assessment districts are assessed improperly because the assessments are proportionate to valuations which are below fair market value. Plaintiffs argue that this scheme violates La. Const. Art. 7, Sec. 18, which as to assessments (paragraph (A)), use value (paragraph (C)), and valuation (paragraph (D)), requires, "The percentage of fair market value shall be uniform throughout the State upon the same class of property." and "Fair market value and use value of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the State."
La. Const. Art. 7, Sec. 18, also establishes the procedure for review of the correctness of assessments:
(E) Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
Plaintiffs and defendant disagree as to which "procedures established by law" apply in this case. Plaintiffs have proceeded under La.R.S. 47:2110 which allows for filing suit within thirty days after payment under protest of the tax due. Defendant argues that in this case plaintiffs must proceed under La.R.S. 47:1998 which allows for filing suit within thirty days of the decision of the tax commission.
To a taxpayer challenging "the correctness of [his] assessment," the availability of judicial review after exhausting the administrative procedures mandated by La. Const. Art. 7, Sec. 18 is provided for in La.R.S. 47:1998. On the other hand, La.R. S. 47:2110 permits a taxpayer to bring an action directly to the district court if he is challenging "the legality of any tax accrued or accruing or the method of enforcement thereof." Because the Constitution mandates the procedures for "correctness" challenges, La.R.S. 47:2110, to the extent its direct action provisions conflict with the Constitution, must apply only to non-correctness challenges. Lowrey Chevrolet, Inc. v. Brumley, 510 So.2d 1294 (La.App. 3d Cir.1987), writ denied, 514 So.2d 20 (La. 1987); Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir. 1986).
Thus, the pivotal issue is whether plaintiffs' challenge is for "correctness." Plaintiffs do not challenge the right of the State or any of its political subdivisions to obtain revenue by way of ad valorem taxation. Plaintiffs do not question the methods of enforcement of ad valorem taxes. Plaintiffs complain that their assessments are unequal and not uniform relative to assessments of similar classes of property in adjacent assessment districts. Plaintiffs' complaint is a "correctness" challenge.
Plaintiffs argue that they are not challenging correctnesstheir assessments are correct, other assessments are incorrect, too low. Plaintiffs argue that their challenge is of constitutional magnitude resulting from inequality and non-uniformity, invoking the due process and equal protection clauses of the state and federal constitutions. We make no argument with plaintiffs' foundational principle that "if both the standard of true value and the uniformity and equality required by law cannot be achieved, equality and uniformity is preferred under the law." Sioux City Bridge Company v. Dakota County, Neb., 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); Probst v. City of New Orleans, 337 So.2d 1081 (La.1976); Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973), writ denied, 288 So.2d 354 (La.1974). We find, however, that plaintiffs incorrectly construe this and other "constitutional" principles to argue that their challenge is not for "correctness." "Correctness" includes both the standard of true value and the uniformity and equality required by law. The achievement of both is the goal, the absence of either creates incorrectness. That uniformity and equality are given higher priority than true value does not make an attack on the former rather than the latter something other than a challenge for "correctness."
We do not find significant distinction between this case and Lowrey Chevrolet, Inc. v. Brumley, above. Lowrey Chevrolet paid its taxes under protest, and under La.R.S. 47:2110 brought suit challenging *1174 the non-uniformity and inequality of the assessment on its inventory relative to assessments on similar classes of property in other tax districts (parishes) in the State. The court found that Lowrey Chevrolet's challenge was for "correctness", and that Lowrey Chevrolet was obligated to proceed under the administrative procedures mandated by La. Const. Art. 7, Sec. 18, and the procedure for judicial review provided in La.R.S. 47:1998. Plaintiffs argue that comparing assessment districts within Orleans Parish is different than comparing tax districts within the State because the millage rate within Orleans Parish is necessarily constant whereas the millage rates between other State tax districts may be, and most often are different. This distinction is not significant because the applicable millage rate is immaterial to a discussion of the correctness of the assessment; and what plaintiffs are challenging is the correctness of their assessments relative to assessments of similar classes of property in adjacent assessment districts, regardless of the applicable millage rate.
Having found that plaintiffs challenge the correctness of their assessments, we also conclude that they are obliged to follow the procedures mandated by La. Const. Art. 7, Sec. 18 and provided for in La.R.S. 47:1998. That is, the correctness of assessments by the assessor must be reviewed first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with the procedures established by law. The procedure established by law for judicial review is in La.R.S. 47:1998, which requires filing suit within thirty days of the decision of the tax commission.
Some plaintiffs did not seek administrative review, and the time for doing so has past. The other plaintiffs obtained review first by the parish governing authority and then by the Louisiana Tax Commission, but did not file suit within thirty days of the decision of the tax commission. The time for seeking administrative review or judicial review had past as to all plaintiffs prior to the filing of the petition in any of these four consolidated cases.[3]
We hold, therefore, that plaintiffs' suits have prescribed and should be dismissed. We set aside the judgment of the district court and enter judgment maintaining an exception of prescription. Plaintiffs' suits are dismissed. Plaintiffs shall pay all costs of these proceedings.
JUDGMENT SET ASIDE; PEREMPTORY EXCEPTION OF PRESCRIPTION MAINTAINED; SUITS DISMISSED.

ON PLAINTIFFS' APPLICATION FOR REHEARING
Plaintiffs correctly point out that the 1970 amendment to La.R.S. 47:1901, see La.Acts 1970 No. 155, Section 1, referred to in footnote 2 of our original opinion, was declared unconstitutional in Chehardy v. Democratic Executive Committee for the Parish of Jefferson, 259 La. 45, 249 So.2d 196 (1971). Plaintiffs do not argue that this point affects the substance or result of the opinion, for it does not. The illustrative purpose of the notation remains, as does its substantive comment that any uniqueness of multiple assessors for Orleans Parish is not important to resolution of the issues raised in this appeal.
With this comment of clarification, we deny the application for rehearing.
NOTES
[1] Defendant's responsive pleadings are not identical as to each plaintiff. Each plaintiff, however, has responded to defendant's procedural objections, particularly the prescription issue on which we decide this matter. We find that no plaintiff is prejudiced if we consider defendant's exceptions to have been filed as to each plaintiff, and discern no useful purpose in reconstructing here the procedural confusion created in the district court. The district court treated all plaintiffs as one, and the defendant's responses as applying to all; so do we.
[2] La.R.S. 47:1901, as amended in 1970, divides into multiple (at least 3) tax districts parishes geographically divided by the Mississippi River and having a population of over 200,000. That New Orleans may not be unique, however, ultimately is not analytically germane to this case.
[3] Whether the elapsed time periods involved here are peremptive or prescriptive need not be resolved in this case, either objection can be raised by the peremptory exception of prescription. Capital Drilling Co. v. Graves, 496 So.2d at 490.