| iYELVERTON, Judge.
This is a suit by Triangle Marine, Inc. against James R. Savoie, Sheriff and ex-Officio Tax Collector for the Parish of Cameron, seeking a refund of ad valorem taxes paid to Cameron Parish under protest.[1] The tax was a 1987 personal ^property assessment against two motor vessels belonging to the taxpayer. The petitioner alleged that the tax on the vessels was illegal and unenforceable because the vessels were exempt from ad valorem taxation pursuant to La. Const, art. VII, § 21(C)(16).
The petition pleads in the alternative that neither of the vessels had a tax situs in Cameron Parish. In the further alternative, it alleged that if either of the vessels was subject to 1987 Cameron Parish personal property taxes, the tax with respect to each vessel had to be based upon the portion of the assessed value of such vessel that was properly allocable or apportionable to Cameron Parish. It also alternatively argued that the taxation laws of Louisiana and Cameron Parish do not happly to the outer-continental shelf, and that the assessments could not be made to the extent that the assessed value of either vessel was attributable to the operation of the vessel outside the territorial limits of Louisiana. The last alternative allegation was that each of the vessels should be subject to a personal property tax only at the domicile of the owner of the vessel, which was not in Cameron Parish.
As Tax Collector, Savoie filed an answer and denied most of the allegations, then moved for summary judgment. The basis of the motion was that the plaintiff had not sought review of the assessment by the parish governing authority and by the Louisiana Tax Commission, prerequisites to a challenge of the correctness of the tax under La. Const. *634 art. VII, § 18(E). The defendant asked for summary judgment dismissing the case.
The motion for summary judgment was submitted to the trial court for decision on the pleadings and on two affidavits showing that the plaintiffs had not exhausted their administrative tax remedies before filing suit. The district court granted the motion and dismissed all suits on the ground that they were premature. The court reasoned that none of the attacks actually challenged the legality of the assessments but rather questioned the correctness of them. The court concluded that the plaintiffs were required to exhaust their administrative remedies set out in La. Const, art. VII, § 18(E) before seeking review in the courts, and that they had not done so.
All plaintiffs except in Edison Chouest Offshore, Inc. v. James R. Savoie, Etc., (10—11732) appealed. We affirm. Our opinion will be handed down in the captioned ease. Separate judgments will be handed down in the consolidated cases.
UBoth sides agree that there is a fundamental difference between a challenge by a taxpayer against the legality of a tax and an attack on the correctness of a tax assessment. All understand that there is a difference in the procedure for presenting either attack. Where the parties disagree is whether the claims in the plaintiffs’ petitions present an attack on legality or an attack on correctness of the assessment.
The best place to look to determine if the attack is on legality or correctness of the assessment is the petition, for the petition constitutes practically the entirety of the summary judgment evidence. The petition states that it is an attack on the legality of the tax, but its actual averments are not an attack on the legality of the tax. As the trial court’s reasons for judgment insightfully point out, the plaintiffs virtually admit that the tax is legal. We agree with that observation, because nowhere have the plaintiffs challenged the right of the state to obtain revenue by way of ad valorem taxation, and nowhere have they questioned the method by which the ad valorem taxes are enforced. Instead, the complaint is that they are being made to pay the tax. For one reason or another, they claim they should be exempt.
First, they claim the exemption under La. Const, art. VII, § 21, which provides certain property exemptions in addition to the homestead exemption. One of these is found in La. Const, art. VII, § 21(C)(16) applicable to ships and oceangoing tugs, towboats, and barges engaged in international trade and domiciled in Louisiana ports. The plaintiffs allege that by virtue of this exemption they should not have to pay this ad valorem tax. They also allege that imposing the tax on them is unfair because there is no apportionment based upon the actual activities of their vessels in the state and in Cameron Parish. This is substantially the same argument Isthat was raised in Lowrey Chevrolet, Inc. v. Brumley, 510 So.2d 1294 (La.App. 3 Cir.), writ denied, 514 So.2d 20 (La.1987), which was found to have been an attack on the correctness of the tax assessment and not on its legality. Finally, they say that Louisiana’s taxing powers are preempted by the Outer Continental Shelf Lands Act, which is not an attack on the legality of the Louisiana tax, but an argument that the Louisiana tax cannot be imposed against them because Louisiana law is preempted by federal law.
We find that plaintiffs cannot, by simply invoking constitutional provisions and statutory law, label its challenge as addressed to legality when the nature of the challenge is addressed to correctness. “Correctness” includes the uniformity and equality of taxation required by law. Westminster Management Corp. v. Mitchell, 525 So.2d 1171 (La.App. 4 Cir.), writ denied, 532 So.2d 132 (La.1988), cert, denied, 489 U.S. 1018, 109 S.Ct. 1137, 103 L.Ed.2d 197 (1989).
A review of the correctness of assessments by the assessor goes first to the parish governing authority, then to the Louisiana Tax Commission or its successor, and finally to the courts. La. Const, art. VII, § 18(E). Bypassing the administrative procedure constitutionally required, the plaintiffs have sought redress first in the courts. As the trial judge ruled, their petitions are premature and must be dismissed.
*635 The judgment dismissing the petitions is affirmed, at appellant’s costs.
AFFIRMED.

. Twenty-one other virtually identical cases were consolidated with this one. They are: Point Marine, Inc., et al v. James R. Savoie, Etc., 94-1494 (La.App. 3 Cir. 11/2/95); 664 So.2d 635; Seacor Offshore, Inc. v. James R. Savoie, Etc., 94-1495 (La.App. 3 Cir. 11/2/95); 664 So.2d 635; Triangle Marine, Inc. and Waveland Marine Service, Inc. v. James R. Savoie, Etc., 94 — 1496 (La.App. 3 Cir. 11/2/95); 664 So.2d 642; Triangle Marine, Inc. and Waveland Marine Service, Inc. v. James R. Savoie, Etc., 94-1497 (La.App. 3 Cir. 11/2/95); 664 So.2d 643; Hombeck Offshore (1991-11) Corporation v. James R. Savoie, Etc., 94-1498 (La. App. 3 Cir. 11/2/95); 664 So.2d 642; Anna Offshore, Inc. v. James R. Savoie, Etc., 94-1499 (La.App. 3 Cir. 11/2/95); 664 So.2d 642; Gulf Boat Marine Service, Inc., et al v. James R. Sa-voie, Etc., 94-1500 (La.App. 3 Cir. 11/2/95); 664 So.2d 641; Service Boat Rentals, Inc., et al v. James R. Savoie, Etc., 94-1501 (La.App. 3 Cir. 11/2/95); 664 So.2d 641; Nicor Marine, Inc., et al v. James R. Savoie, Etc., 94 — 1503 (La.App. 3 Cir. 11/2/95); 664 So.2d 637; Nicor Marine, Inc. and Arthur Levy Enterprises, Inc. v. James R. Savoie, Etc., 94-1504 (La.App. 3 Cir. 11/2/95); 664 So.2d 640; Cameron Boat Rentals, Inc., et al v. James R. Savoie, Etc., 94-1505 (La.App. 3 Cir. 11/2/95); 664 So.2d 640; Cameron Boat Rentals, Inc., et al v. James R. Savoie, Etc., 94-1506 (La.App. 3 Cir. 11/2/95); 664 So.2d 640; Marine Asset Management Corp. v. James R. Savoie, Etc., 94-1507 (La.App. 3 Cir. 11/2/95); 664 So.2d 635; Monteo, Inc. v. Cameron Parish, et al, 94-1508 (La.App. 3 Cir. 11/2/95); 664 So.2d 636; General Electric Capital Corp. v. James R. Savoie, Etc., 94-1509 (La.App. 3 Cir. 11/2/95); 664 So.2d 636; Tidewater Enterprises, Inc. v. James R. Savoie, Etc., 94-1510 (La.App. 3 Cir. 11/2/95); 664 So.2d 637; Zapata Gulf Marine Service Corp. and Jackson Marine Corp. v. Cameron Parish, et al, 94-1511 (La.App. 3 Cir. 11/2/95); 664 So.2d 637; Tidewater, Inc. and Zapata Gulf Marine Operators, Inc. v. Cameron Parish, et al, 94 — 1512 (La. App. 3 Cir. 11/2/95); 664 So.2d 638; Zapata Gulf Marine Service Corp. and Zapata Gulf Marine Operators, Inc. v. Cameron Parish, et al, 94-1513 (La.App. 3 Cir. 11/2/95); 664 So.2d 638; Tidewater, Inc., et al v. Cameron Parish, et at, 94-1514 (La.App. 3 Cir. 11/2/95); 664 So.2d 639; Marine Asset Management Corp. v. James R. Sa-voie, Etc., 94 — 1615 (La.App. 3 Cir. 11/2/95); 664 So.2d 639.