I2KIMBALL, Justice.*
We granted certiorari to resolve the issue of whether an action for refund of ad valorem taxes paid under protest based upon a constitutional exemption is an assessment correctness challenge or a tax legality challenge.[1] In these consolidated cases, plaintiff-vessel owners allege ad valorem taxes were imposed illegally on their vessels because the property enjoys a constitutional exemption from taxation. The district court granted summary judgment dismissing all the suits as premature. The court held the vessel owners first were required to exhaust administrative remedies mandated by La. Const, art. 7, § 18(E) before seeking review in district court because plaintiffs’ challenge questioned not the legality of the tax but rather the correctness of the assessment. The court of appeal affirmed, agreeing that the vessel owners’ challenge is addressed to the tax assessment’s correctness.[2] We reverse.
FACTS
Triangle Marine, Inc. was assessed 1987 Cameron Parish ad valorem taxes on vessels which service or supply companies engaged in the exploration or production of oil and gas injjthe Gulf of Mexico. The vessel own *939 er paid the ad valorem tax under protest and filed suit under LSA-R.S. 47:2110 against the Cameron Parish sheriff and ex-officio tax collector. The taxpayer claimed a refund of taxes paid on the basis that the assessed vessels were engaged in international trade and were thus exempt from ad valorem taxation under La. Const, art. 7, § 21(C)(16). Twenty-one other virtually identical cases were consolidated with this one; vessel owners contested ad valorem taxes assessed against vessels similarly engaged in various tax years.
In addition to the constitutional exemption, the plaintiff-vessel owners alternatively pleaded the vessels did not have the proper tax situs in Cameron Parish for ad valorem tax assessment, that the taxes were not properly apportioned for the time the vessels actually spent in Cameron Parish, that each vessel could only be subject to personal property taxes at the domicile of the vessel owner (which in some instances is not Cameron Parish), that Louisiana tax laws do not apply to the Outer Continental Shelf, and that the taxes violated the Commerce Clause, Due Process Clause, and Equal Protection Clause of the U.S. Constitution.
The Cameron Parish sheriff answered and denied the allegations. The sheriff sought summary judgment in each suit arguing the vessel owners had not sought review of the assessments by the parish governing authority and by the Louisiana Tax Commission which are necessary to a challenge of the correctness of the assessment under La. Const, art. 7, § 18(E). Attached to the Motion for Summary Judgment were affidavits from the administrator of the Cameron Parish Police Jury and the Chairman of the Louisiana Tax Commission asserting that no administrative review was undertaken prior to filing suit in district court. The vessel owners countered that they were correct in bringing the matter before the court because they are challenging the legality of the tax, not the correctness of the assessment, and thus LSA-R.S. 47:2110 gives them the right to bring suit in district court.
LAW AND DISCUSSION
Louisiana constitutional and statutory law formulates a two-track procedure a property owner must adhere to in challenging property tax assessments. One regime encompasses challenges to the “correctness of assessments” by the assessor and the other covers challenges to the legality of the tax levied. The assessment correctness challenge, mandated by La. Const, art. 7, § 18(E), instructs that
L[t]he correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.[3]
On the other hand, the Constitution requires the legislature to provide “a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.” La. Const, art. 7, § 3. The Louisiana Legislature enacted LSA-R.S. 47:2110 which provides a right to challenge “the legality of any tax accrued or accruing or the method of enforcement thereof.” LSA-R.S. 47:2U0(B).[4] Thus, the law provides an assessment correctness challenge must be reviewed by the parish’s board of review and the Louisiana Tax Commission before judicial review. A tax legality challenge, however, may be filed directly in the district court.
This court for some time has recognized a line of distinction between correctness and legality challenges. In Morgan’s Louisiana & Texas R.R. & Steamship Co. v. Pecot, 50 *940 La. Ann. 737, 23 So. 948, 950-51 (1898), we reasoned that correctness challenges are directed at issues of regularity or correctness of the assessment, such as over-valuation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects or that the assessment is inherently invalid.
This distinction was reaffirmed and explained in Soniat v. Board of State Affairs, 146 La. 450, 83 So. 760, 762 (1919). In Soniat, this court observed that where there is an assessment of property alleged to be exempt by law from taxation, such assessment is “not an assessment within the contemplation of the law ... and can never become[] the basis for the levy of a valid tax-” Moreover, we reasoned in the instance there is an assessment of property “subject to taxation,” id., the assessment is not open to a legality challenge as having no legal existence; Israther, “it is open to correction, by an increase or reduction in the valuation.” Id. (emphasis added). In that case, the assessment must be shown to exceed or fall short of some defined “limitation of valuation” which the law so provides. Id.
Although the procedures for asserting correctness and legality challenges may have changed over the years — the most prominent change being constitutionally mandated administrative review of correctness challenges— [5]these principles remain viable in distinguishing the dichotomy at issue. Indeed, these cases, and the legislature’s usage,[6] illustrate that “correctness of assessment” is a term of art, referring to the right of the taxpayer to seek adjustments to the valuation of taxable property. The term envisions a process which includes, as the court of appeal observed, “the uniformity and equality of taxation required by law.” See Westminster Management Corp. v. Mitchell, 525 So.2d 1171, 1173 (La.App. 4th Cir.) (“ ‘Correctness’ includes both the standard of true value and the uniformity and equality required by law.”), writ denied, 532 So.2d 132 (La.1988), cert. denied, 489 U.S. 1018, 109 S.Ct. 1137, 103 L.Ed.2d 197 (1989); Capital Drilling Co. v. Graves, 496 So.2d 487, 492 n. 2 (La.App. 1st Cir.1986) (finding an assessment challenge to valuation is a challenge to correctness not collection of a tax and disputes are to be addressed to an administrative forum prior to judicial review).
In this case, however, the vessel owners argue the imposition of ad valorem taxes on their vessels, and Cameron Parish’s attempt at collection, is illegal because their vessels enjoy a constitutional tax exemption. The owners claim a tax imposed on exempt property gives rise to a tax legality challenge properly instituted through suit under LSA-R.S. 47:2110 after tax payment under protest. Specifically, the owners allege the vessels are engaged in international trade and, therefore, are exempt from property tax pursuant to La. Const. art. 7, § 21(C)(16),[7] | 6as demonstrated in Moonmaid Marine, Inc. v. Larpenter, 599 So.2d 820 (La.App. 1st Cir.), writ denied, 605 So.2d 1120 (La.1992).
A challenge to the validity of a tax on exempt property is a challenge to the legality, not the correctness, of the tax. State ex *941 rel. United Seamen’s Service v. City of New Orleans, 209 La. 797, 25 So.2d 596, 598-99 (1946) (citing Soniat, 83 So. at 762). A tax assessment on exempt property is illegal. Id. Moreover, instituting suit directly in district court pursuant to LSA-R.S. 47:2110 is the appropriate method for challenging a tax levy on exempt property. This rule of law was succinctly articulated in Abraham v. Carter, 580 So.2d 485, 488 (La.App. 4th Cir. 1991):
Claims challenging the correctness of an assessment should go to the forum more suited to hear them, and only if the party is still aggrieved by the governing authority, need it seek a judicial remedy. Claims challenging the constitutionality of an assessment are not required to be heard by the governing body forum to whom the tax payer charges the grievance. Those claims are directly brought to [district court] under La. R.S. 47:2110.
This procedure is supported by Ford Motor Credit Co. v. Louisiana Tax Commission, 251 So.2d 392 (La.App. 1st Cir.1971). In Ford Motor Credit, the plaintiffs challenged a broad ad valorem tax levy on accounts receivable, claiming the accounts were constitutionally exempt. Id. at 394. In finding the plaintiff should be allowed to litigate the tax imposed over the exemption, the court found “[t]he entire thrust of this lawsuit goes to the question of whether or not a tax can be constitutionally imposed, at all, upon these intangibles.” Id. at 397. Thus, the court resolved plaintiffs challenge to be a legality challenge. Id.
We find a challenge to a tax assessment need not contest the validity of the ad valorem tax itself to constitute a legality challenge. Rather, an “as applied” challenge, such as the one asserted by the taxpayers herein, can be a legality challenge. Churchill Farms, Inc. v. Louisiana Tax Commission, 338 So.2d 963 (La.App. 4th Cir.1976). We agree with the Churchill Farms panel that LSA-R.S. 47:2110 gives the taxpayer the right to challenge both the validity of the Rlaw itself and the constitutionality of the administration of an otherwise valid law. Id. at 966. This interpretation of section 2110 gives proper meaning to the disjunctive language of the statute which provides a right of action to question “the legality of any tax accrued or accruing or the method of enforcement thereof.” LSA-R.S. 47:2110(B) (emphasis added).
CONCLUSION
The vessel owners’ challenge to the imposition of ad valorem taxes assessed against allegedly exempt property presents a tax legality challenge. Plaintiffs properly proceeded in district court under LSA-R.S. 47:2110 to contest these taxes because a tax assessment on exempt property is illegal.
For these reasons, the judgment of the court of appeal is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
It is so ordered.
DECREE
REVERSED AND REMANDED.
WATSON, J., dissents and assigns reasons.
JOHNSON, J., dissents.

 Calogero, C.J., not on panel. Rule IV, Part 2, § 3.

. Triangle Marine, Inc. v. Savoie, 95-2873 (La.2/9/96), 673 So.2d 1011; Montco, Inc. v. Cameron Parish, 95-2885 (La.2/9/96), 673 So.2d 1011; Point Marine, Inc. v. Savoie, 95-2899 (La.2/9/96), 673 So.2d 1011; Cameron Boat Rentals, Inc. v. Savoie, 95-2904 (La.2/9/96), 673 So.2d 1012.

. Triangle Marine, Inc. v. Savoie, 94-1502 (La. App. 3d Cir. 11/2/95), 664 So.2d 632. The court of appeal issued separate judgments, for the reasons discussed in the consolidated case of Triangle Marine, Inc. v. Savoie, supra, in 21 virtually identical cases. Seacor Offshore, Inc. v. Savoie, 94-1495 (La.App. 3d Cir. 11/2/95), 664 So.2d 635; Point Marine, Inc. v. Savoie, 94-1494 (La. App. 3d Cir. 11/2/95), 664 So.2d 635; Marine Asset Management Corp. v. Savoie, 94-1507 (La. App. 3d Cir. 11/2/95), 664 So.2d 635; Montco, Inc. v. Cameron Parish, 94-1508 (La.App. 3d Cir. 11/2/95), 664 So.2d 636; General Elec. Capital Corp. v. Savoie, 94-1509 (La.App. 3d Cir. 11/2/95), 664 So.2d 636; Tidewater Enter, v. Savoie, 94-1510 (La.App. 3d Cir. 11/2/95), 664 So.2d 637; Nicor Marine, Inc. v. Savoie, 94-1503 (La.App. 3d Cir. 11/2/95), 664 So.2d 637; Zapata Gulf Marine Serv. Corp. v. Cameron Parish, 94-1511 (La.App. 3d Cir. 11/2/95), 664 So.2d 637; Tidewater, Inc. v. Cameron Parish, 94-1512 (La. App. 3d Cir. 11/2/95), 664 So.2d 638; Zapata Gulf Marine Serv. Corp. v. Cameron Parish, 94-1513 (La.App. 3d Cir. 11/2/95), 664 So.2d 638; Tidewater, Inc. v. Cameron Parish, 94-1514 (La. App. 3d Cir. 11/2/95), 664 So.2d 639; Marine Asset Management Corp. v. Savoie, 94-1615 (La. App. 3d Cir. 11/2/95), 664 So.2d 639; Cameron Boat Rentals, Inc. v. Savoie, 94-1506 (La.App. 3d Cir. 11/2/95), 664 So.2d 640; Cameron Boat Rentals, Inc. v. Savoie, 94-1505 (La.App. 3d Cir. 11/2/95), 664 So.2d 640; Nicor Marine, Inc. v. Savoie, 94-1504 (La.App. 3d Cir. 11/2/95), 664 So:2d 640; Service Boat Rentals, Inc. v. Savoie, 94-1501 (La.App. 3d Cir. 11/2/95), 664 So.2d 641; Gulf Boat Marine Serv. v. Savoie, 94-1500 (La.App. 3d Cir. 11/2/95), 664 So.2d 641; Triangle Marine, Inc. v. Savoie, 94-1496 (La.App. 3d Cir. 11/2/95), 664 So.2d 642; Anna Offshore, Inc. v. Savoie, 94-1499 (La.App. 3d Cir. 11/2/95), 664 So.2d 642; Hornbeck Offshore (1991-II) Corp. v. Savoie, 94-1498 (La.App. 3d Cir. 11/2/95), 664 So.2d 642; Triangle Marine, Inc. v. Savoie, 94-1497 (La.App. 3d Cir. 11/2/95), 664 So.2d 643. Plaintiffs in Edison Chouest Offshore, Inc. v. Savoie, 10-11732, did not appeal.

. Tax assessors are constitutional officers, and their power and authority is statutorily defined. La. Const, art. 7, § 24; LSA-R.S. 47:1903. In pertinent part, section 1903 provides:
The tax assessors shall enumerate and list and assess property as directed in this Chapter, and be subject to all the obligations prescribed by law. They shall prepare and have ready then-lists showing the valuations assessed by them, and lay the same before the tax commission within the time and in the manner prescribed by R.S. 47:1987 and 47:1988.
LSA-R.S. 47:1903.
Sections 1951 through 2000 of Title 47 delineate the assessment procedure for ad valorem taxation in Louisiana.

. The right of recovery is contingent on payment under protest as provided in section 2110. LSA-R.S. 47:2110(B).

. See supra text accompanying note 3.

. See, e.g., La. Const, art. 203 (1879) ("[Tlhe taxpayers shall have the right of testing the correctness of their assessments before the courts of justice...1898 La. Acts 170, § 24 (The review board’s duty shall be to receive and hear all taxpayers desiring to “contest the correctness of the valuation placed by the assessor upon the property listed for assessment....”); 1924 La. Acts 97, § 2 (Taxpayers have the right to "institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment...."); 1934 La. Acts 16, § 3 (2d ex. sess.) ("|T]ax payers shall have the right of testing the correctness of their assessments before the courts of the State_”).

.In pertinent part, La. Const, art. 7, § 21(C)(16) provides:
Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
[[Image here]]
(C)
[[Image here]]
(16) ships and oceangoing tugs, towboats, and barges engaged in international trade and domiciled in Louisiana ports. However, this exemption shall not apply to harbor, wharf, shed, and other port dues or to any vessel operated in the coastal trade of the states of the United States.