774 So.2d 1261 (2000)
ANR PIPELINE COMPANY
v.
LOUISIANA TAX COMMISSION, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russel R. Gaspard, Member of the Louisiana Tax Commission
No. 00 CA 2251.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1262 Hilton S. Bell, Angela W. Adolph, New Orleans, Karen Pauley, Laurence E. Garrett, Colorado Springs, CO, for Plaintiff/Appellant, ANR Pipeline Company.
Brian A. Eddington, Baton Rouge, for Defendant/Appellee, Louisiana Tax Commission.
Before: CARTER, C.J., FOIL & WEIMER, JJ.
CARTER, C.J.
For the tax years 1994 through 1999, the Louisiana Tax Commission assessed taxes on ANR Pipeline Company's public service properties, other than land, at 25% of the fair market value, in accordance with Article 7, Section 18(B)(4), of the Louisiana Constitution. For each of those years, ANR paid those taxes under protest. Following the procedures set forth in Louisiana Revised Statute 47:1856(A), it also filed a written protest with the Commission each year. After many delays for which each side blames the other, the Commission entered an order on December 21, 1999, dismissing ANR's protests and making final the initial determinations of assessed valuation.
On January 18, 2000, ANR appealed the Commission's order to the Nineteenth Judicial District Court by filing suit against the Commission, its chairman and two members. ANR sought a ruling that the Commission's final determination was null; that the assessed valuation should have been based on no more than 15% of the fair market value of the property; and that the laws and administration thereof that require assessment of public service properties, other than land, to be assessed at 25% of fair market value are unconstitutional. ANR also sought return of the amounts paid under protest.
The Commission filed exceptions raising the objections of no right of action, no cause of action, and prescription to plaintiffs claims from 1994 through 1998. The district court denied the exception of no right of action but granted the exceptions of no cause of action and prescription, dismissing ANR's claims relating to the taxes for 1994 through 1998. ANR appeals.[1]
Article 7, Section 3(A), of the Louisiana Constitution provides that the legislature shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer. In the case of ad valorem taxes, the legislature has indeed provided a remedyin fact, it has provided two separate remedies, one for public service properties, excluding land, and one for all other property subject to taxation. ANR contends the district court applied the wrong procedure for review of the tax assessment in this case and thus committed legal error in dismissing its claims. We agree.
Article 7, Section 18(D), of the Louisiana Constitution provides that the "assessor shall determine the fair market value of all property subject to taxation within his respective parish or district, except public service properties,[2] which shall be valued *1263 at fair market value by the Louisiana Tax Commission or its successor." (Emphasis and footnote added.) Article 7, Section 18(E), then provides for review of correctness of assessments by the assessor. That article provides: "The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law."
Those procedures for review of assessments by the local assessors were established by the legislature in Chapter 3, Part III, of Title 47. Revised Statute 47:1992 provides that after each assessor prepares the lists showing assessments, he must expose those lists daily for inspection by the public for 15 days. Taxpayers who are dissatisfied with the assessments can complain to the board of review, which then conducts public hearings on those complaints. Any taxpayer or assessor dissatisfied with the determination of the board of review may appeal to the Commission.
The Commission is then statutorily obligated under Revised Statute 47:1989 to conduct public hearings to hear appeals of taxpayers or assessors within ten days of receipt of the assessment lists as certified by the board of review. Any taxpayer or assessor dissatisfied with the decision of the Commission may then appeal to the district court within 30 days of the Commission's decision. The procedure for review in the district court is set forth in Revised Statute 47:1998.
The procedure for appealing the assessment of public service properties by the Commission is set forth in Chapter 2, Part III, of Title 47. Revised Statute 47:1856(A) provides that if a company objects to the initial assessment by the Commission, it may file a protest in writing to the Commission within 30 days of receipt of notice of the initial determination. The Commission is then to grant a full and complete hearing within 60 days of the date the written protest was filed. The Commission has 30 days after the hearing to render a final determination. La. R.S. 47:1856(B). Once a final determination has been rendered, the company may then institute suit pursuant to the Administrative Procedure Act, La. R.S. 49:950 et seq., contesting the correctness or legality of the Commission's determination. La. R.S. 47:1856(D). A company instituting suit under these provisions may pay its taxes under protest in the parish where assessed and cause notice to be issued to the collector of taxes as provided in Louisiana Revised Statute 47:2110(E). La. R.S. 47:1856(E).
Louisiana Revised Statute 49:964(A) provides that a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review. An "adjudication" is the agency process for formulating a decision or order. La. R.S. 49:951(1). The Commission's hearing pursuant to La. R.S. 47:1856 is an adjudication proceeding. Proceedings for review of a final agency decision may be instituted by filing a petition in the district court in the parish in which the agency is located within 30 days after mailing notice of the final agency decision. La. R.S. 49:964(B). In this case, the final order was entered December 21, 1999, and suit in the Nineteenth Judicial District Court was filed January 18, 2000.
The trial court cited Triangle Marine, Inc. v. Savoie, 95-2873 (La.10/15/96), 681 So.2d 937, and Louisiana Revised Statute 47:2110 in finding that ANR's challenge to the taxes for 1994 through 1998 was untimely. The court quoted language from Triangle stating claims challenging the constitutionality of an assessment are to be brought directly in district court under Revised Statute 47:2110.
ANR contends this suit is governed by Revised Statute 47:1856 and could not have been brought directly in district court *1264 pursuant to Revised Statute 47:2110. We agree that Revised Statute 47:2110 is inapplicable in this case because ANR is challenging ad valorem taxes on public service property. Revised Statute 47:2110(D) states: "An assessment valuation shall be challenged only pursuant to the method or procedures as provided first in R.S. 47:1992, then R.S. 47:1989, and finally R.S. 47:1998." Those statutes set forth the procedures for appealing the assessment by local tax assessors of non-public service properties.
The Triangle case involved non-public service property. In that case the Louisiana Supreme Court made a distinction between cases challenging the correctness of an assessment and those challenging the legality of the tax levied. The Louisiana Supreme Court explained in Triangle that "correctness of assessment" is a term of art that envisions both the standard of true value and the uniformity and equality required by law. Triangle Marine, Inc., 95-2837, p. 5, 681 So.2d at 940. Legality, on the other hand, challenges whether a tax can legally be imposed at all. Triangle Marine, Inc., 95-2837, p. 6, 681 So.2d at 941.
In this case, ANR is not challenging whether ad valorem taxes can be imposed on it at all. Instead, it is complaining that it is unconstitutional for it to pay taxes based on 25% of the fair market value of its property, while others pay taxes based on 15% of the fair market value of their property. This is a correctness challenge, not a legality challenge, and thus it could not have been brought directly in district court even if it involved non-public service property. The language in Triangle stating constitutional challenges must first be brought in district court referred to cases challenging the constitutionality of imposing a tax, not the constitutionality of imposing a tax unequal to that imposed on others.
For tax challenges in public service property cases, however, it matters not whether the challenge is based on correctness or legality because Revised Statute 47:1856(A) refers to all objections. Revised Statute 47:1856(D) provides that any "company may institute suit pursuant to the Administrative Procedure Act ... contesting the correctness or legality of any final determination of its assessed valuation for taxation by the Louisiana Tax Commission." (Emphasis added.) Thus, in cases involving public service properties, the taxpayer must await a final determination of the Commission and then follow the Administrative Procedure Act for its challenge to correctness or legality.
ANR's suit in the Nineteenth Judicial District Court was properly filed within 30 days of the final decision of the Commission. Suit was filed timely under Revised Statute 47:1856, and the trial court committed legal error in holding that ANR's claims for 1994 through 1998 had prescribed under Revised Statute 47:2110. Accordingly, we reverse the decision of the trial court and remand this case for further proceedings. Costs of appeal in the sum of $4,400.57 are assessed to defendant, Louisiana Tax Commission.
REVERSED AND REMANDED.
NOTES
[1] The trial court designated this partial judgment as final, making it appealable pursuant to Louisiana Code of Civil Procedure article 1915(B).
[2] Public service property is defined, in pertinent part, in La. R .S. 47:1851(M) as "the immovable, major movable, and other movable property owned or used but not otherwise assessed in this state in the operations of each airline, electric membership corporation, electric power company, express company, gas company, pipeline company, railroad company, telegraph company, telephone company and water company."