| TOBIAS, Judge.
The plaintiff, Panacon, a Louisiana partnership, appeals from the dismissal, without prejudice, of its lawsuit against the defendants by the trial court on exceptions of prematurity, lack of subject matter jurisdiction, and no cause of action. For the following reasons, we affirm the trial court.
*1066 Panacon owns certain furniture, fixtures, machinery, and equipment located in its building commonly known as the “Hotel Intercontinental.” The building and its contents are located within the First Municipal District of the City of New Orleans. On 13 February 1998, Patricia Johnson, the assessor for the First Municipal District (hereinafter “Assessor”) issued a letter to Panacon which outlined the procedures required by law to properly enforce an ad valorem tax on the personal property (movables) of Panacon. The letter stated that the information provided by Pana-con would be used to determine its 1999 assessment.
Panacon alleges that it timely filed the Personal Property Tax Rendition Form, signed under oath, listing the actual fair market value of then personal property. Without notice or explanation to Panacon, the Assessor assigned a fair | ^market value to Panacon’s personal property, which significantly exceeded the value submitted by Panacon. In accordance with the assessment, the Department of Finance for the City of New Orleans, Bureau of the Treasury, issued Personal Property Tax Bill number 1-04-1-011-39 for 1999 taxes totaling $68,890.00.
On 31 January 1999, Panacon timely paid the amount of $45,119.00, which represented the ad valorem tax per Panacon’s Personal Property Rendition Form. Pana-con also paid under protest the amount of $23,771.53, the balance of the ad valorem tax assessed by the Assessor.
On 18 January 1999, Panacon sued the Director of Finance of the City of New Orleans, Mayor Marc Morial, and the City of New Orleans, seeking recovery of the tax paid under protest pursuant to La. R.S. 47:2110. Panacon alleged that the Assessor departed from the procedures required by Title 47 of the Louisiana Revised Statutes for the valid enforcement of legally leviable ad valorem taxes.
The Assessor intervened on 9 November 2000. In response to the suit, the Assessor filed exceptions of prematurity, lack of subject matter jurisdiction, and no cause of action, based on the Assessor’s characterization of Panacon’s suit as a challenge to the “correctness” of her assessment. The trial court heard the matter, and on 22 June 2001, issued a judgment sustaining the exceptions without written reasons. The case was dismissed without prejudice.
Panacon appeals from the judgment, assigning four errors for review. First, it contends that it properly implemented the procedure by law to challenge the legality of the enforcement and administration of the tax paid under protest. |3Second, it argues that the Assessor failed to present any evidence that it complied with the law when making the assessment. Third, Pa-nacon contends that it has presented a legality, rather than correctness, challenge, which would prevent the dismissal of the suit. Finally, Panacon alleges that dismissal of its claim leaves it without a remedy, thereby depriving it of due process.
Appellate review of a question of law involves a determination of whether the interpretive decision of the lower court is legally correct. Sander v. Brousseau, 2000-0098 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court reviews the case de novo. Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 98-2423 (La.App. 4 Cir. 9/22/99), 753 So.2d 861.
Louisiana constitutional and statutory law formulates a two-track procedure a property owner must adhere to in challenging property tax assessments. One *1067 regime encompasses challenges to the “correctness of assessments” by the assessor; the other covers challenges to the legality of the tax levied. The assessment correctness challenge, mandated by La. Const, art. VII, § 18(E), instructs that:
[t]he correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
Triangle Marine, Inc. v. Savoie, 95-2873, pp. 8-4 (La.10/15/96), 681 So.2d 937, 939.
|40n the other hand, the Constitution requires the legislature to provide “a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.” La. Const. art. VII, § 3. The Louisiana Legislature enacted La. R.S. 47:2110, which provides a right to challenge “the legality of any tax accrued or accruing or the method of enforcement thereof.” La. R.S. 47:2110(B). Thus, the law provides that a correctness challenge must be reviewed by the parish’s board of review and the Louisiana Tax Commission before judicial review. A tax legality challenge, however, may be filed directly in the district court. Triangle Marine, Inc., 95-2873 at p. 4, 681 So.2d at 939.
The Louisiana Supreme Court has long recognized the distinction between correctness and legality challenges. For example, in Morgan’s Louisiana & Texas R.R. & Steamship Co. v. Pecot, 50 La. Ann. 737, 23 So. 948, 950-51 (1898), the Court reasoned that a correctness challenge is directed at issues of regularity or correctness of the assessment, such as over-valuation and misdescription, while a legality challenge is directed at issues involving claims that the assessment is void for radical defects or that the assessment is inherently invalid.
This Court has also considered the issue presently before it. In Westminster Management Corp. v. Mitchell, 525 So.2d 1171, 1173 (La.App. 4 Cir.), writ denied, 532 So.2d 132 (La.1988), a case involving an assessment-disproportionality claim, we held:
“Correctness” includes both the standard of true value and the uniformity and equality required by law. The achievement of both is the goal, the absence of either creates incorrectness. That uniformity and equality are given higher priority than true value does not make an attack on the former rather than the latter something other than a challenge for “correctness.”
|BAIthough the procedures for asserting correctness and legality challenges may have changed over the years — the .most prominent change being constitutionally-mandated administrative review of correctness challenges — these principles remain viable in distinguishing the dichotomy at issue. Indeed; the jurisprudence and the legislature’s usage illustrate that “correctness of assessment” is a term of art, referring to the right of the taxpayer to seek adjustments to the valuation of taxable property. Triangle Marine, Inc., 95-2873 at p. 5, 681 So.2d at 940. See also Capital Drilling Co. v. Graves, 496 So.2d 487, 492, n. 2 (La.App. 1st Cir.1986) (finding an assessment challenge to valuation is a challenge to correctness, not collection of a tax, and disputes are to be addressed to an administrative forum prior to judicial review).
Panacon has attempted to couch its cause of action as one of legality so that it can avoid dismissal of its suit. However, as recognized by the Supreme Court in Soniat v. Board of State Affairs, 146 La. 450, 83 So. 760, 762 (1919):
In- the instance there is an assessment of property “subject to taxation,” the as *1068 sessment is not open to a legality challenge as having no legal existence; rather “it is open to correction by an increase or reduction in the valuation.”
To accept Panacon’s argument would mean that any taxpayer aggrieved by an assessment could automatically sue in district court. Panacon has not cited any case or statute that requires the Assessor to automatically accept the taxpayer’s valuation of its own property. Had Panacon timely sought review of the assessment by the Board of Review for Orleans Parish, as it did in Johnson v. Louisiana Tax Commission, 01-0964 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, it may have successfully received a reduction of its tax. If still dissatisfied, it could then appeal to the Louisiana Tax Commission. Id. However, Panacon cannot | fiignore the law and turn its claim into something it is not. The cases are clear: Panacon presents a correctness challenge and the district court properly dismissed the action.
This finding disposes of two of Pa-nacon’s assignments of error: it did not implement the proper procedure to challenge the assessment and its challenge is one of correctness and not legality. The next assignment of error is that the Assessor did not present any evidence that it complied with the law when making the assessment. Because this is a correctness challenge, and Panacon did not proceed in the correct forum, the Assessor was under no requirement to produce any evidence at the proceeding.
Finally, Panacon alleges that dismissal of its claim deprives it of due process. This, it argues, is because at issue is whether the Assessor can disregard the Personal Property Tax Rendition Form provided by the taxpayer without notice and implement its own method of administration and enforcement of the tax. Thus, Panacon contends that without notice a departure from the law resulting in an additional tax does not comport with the requirements of due process if the taxpayer has no means of challenging the tax.
The defect in Panacon’s argument is that the Constitution has provided taxpayers with the means to challenge the amount of an assessment. Panacon simply has not availed itself of that procedure. Merely stating violations of due process and equal protection without factual basis does not create a legality challenge. Abraham v. Carter, 580 So.2d 485, 488 (La.App. 4 Cir.1991). In addition, the Assessor filed the assessment at issue on the tax rolls that were open for inspection by Panacon from 1 August through 15 August 1998. During this time, Panacon had the right to question the valuation of the Assessor, and if not [7satisfied, initiate administrative review. The fact that the Assessor arrived at an assessment different from Panacon’s was not hidden from the taxpayer; Pana-con chose not to confirm its assessment. Therefore, we find this assignment to be without merit.
Based on the foregoing, we affirm the judgment of the trial court. All costs of the appeal are assessed against Panacon.
AFFIRMED.