700 So.2d 824 (1997)
Joseph G. ALBE
v.
LOUISIANA WORKERS' COMPENSATION CORPORATION.
Byron T. CLARK
v.
SCHWEGMANN GIANT SUPERMARKET.
Nos. 97-CA-0581, 97-CC-0014.
Supreme Court of Louisiana.
October 21, 1997.
*825 Harry A. Johnson, III, Shreveport, Frederick S. Kaiser, Baton Rouge, Richard P. Ieyoub, Atty. Gen., Isabel B. Wingerter, Baton Rouge, for applicant in No. 97-CC-0014.
Joseph G. Albe, Robert A. Lenter, Metairie, Neil J. Kohlman, Kohlman & Kohlman, New Orleans, Pamela S. Moran, Brian A. Ferrara, James M. Taylor, New Orleans, Hoffman, Sutterfield & Ensenat, Baton Rouge, for respondent in No. 97-CC-0014.
Christopher M. Landry, Metairie, for applicant in No. 97-CA-0581.
Joseph G. Albe, Metairie, Richard L. McGimsey, Baton Rouge, for respondent in No. 97-CA-0581.
KNOLL, Justice.
These consolidated cases squarely present the issue of whether hearing officers of the Office of Worker's Compensation Administration (OWC) have subject matter jurisdiction to determine issues of constitutionality in claims arising under the Worker's Compensation Act. Having noted a split among the circuit courts of appeal on this issue, we granted writs in Albe v. Louisiana Workers Compensation Corporation, 97-CC-0014 (La.2/21/97), 688 So.2d 535. Shortly thereafter, Byron Clark v. Schwegmann Giant Supermarkets, 97-0581, was transferred to this court on direct appeal under LA. CONST. art. V. § 5(D). Since these cases presented identical issues for review, they were consolidated for briefing and argument before this court. For the following reasons, we hold that the hearing officers lack subject matter jurisdiction to determine issues of constitutionality, and that original jurisdiction to determine the constitutionality of the statutes of the Worker's Compensation Act remains in the district courts.

JOSEPH ALBE
On January 5, 1996, Joseph G. Albe and five other worker's compensation claimants filed a petition for declaratory judgment in the Office of Worker's Compensation, seeking to have certain statutes under the Worker's Compensation Act declared unconstitutional. Defendants raised the declinatory exception of lack of subject matter jurisdiction in addition to other dilatory and peremptory exceptions. Defendants asserted that the legislature's grant of exclusive original jurisdiction to the hearing officers in La.R.S. 23:1310.3(E) did not encompass issues of constitutionality. After hearing argument on all exceptions, the hearing officer signed a decision overruling the exception of lack of subject matter jurisdiction. The ruling on the other exceptions was pretermitted pending the outcome of the appeal of the hearing officer's decision that it had original jurisdiction over the constitutional issues. Defendants applied to the Fourth Circuit Court of Appeal for supervisory writs. The Fourth Circuit denied writs, finding no error in the trial court's determination that it had subject matter jurisdiction, and citing an unpublished Fourth Circuit opinion.[1] We noted that this decision of the Fourth Circuit was in direct conflict with Wilson v. Louisiana Safety Association of Timberman, 29, 263 (La.App. 2 Cir. 2/28/97), 690 So.2d 974 and Tomas v. Conco Food Distributors, 666 So.2d 327 (La.App. 3 Cir. 10/25/95). On February 21, 1997, we granted writs to resolve this issue.

BYRON CLARK
Byron Clark was injured on November 15, 1993, while working as a stock clerk for Schwegmann. Schwegmann paid Clark's medical expenses, and Clark received compensation benefits until he was incarcerated in Orleans Parish Prison. Schwegmann then *826 discontinued medical expense and compensation benefit payments to Clark pursuant to 23:1201.4, which provides:
The employee's right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume.
Shortly after the termination of benefits, Jacqueline Fuselier brought an action on behalf of her minor daughter Sabriya Clark, alleging that Byron Clark was the natural father of Sabriya Clark, and that Sabriya was dependent upon Byron for support. Defendants contested the claims that Sabriya was Byron's child and that Sabriya was dependent on Byron for support. Defendants also alleged that Byron Clark was not entitled to benefits since the medical records reflected that he was no longer disabled, and that but for his incarceration, he could have earned his pre-accident wages. After a hearing on May 1, 1996, the hearing office issued a ruling in favor of claimants. However, the hearing officer was unable to determine whether Byron Clark would be entitled to benefits but for his incarceration, since Byron Clark was unable to be medically evaluated while in prison. The hearing officer determined that the denial of medical treatment and evaluation to an incarcerated claimant under La.R.S. 23:1201.4 was unconstitutional as applied to both Byron and Sabriya Clark.
Schwegmann appealed the ruling of the hearing officer and on February 26, 1997, the Fourth Circuit Court of Appeal transferred the appeal to this Court, stating:
We recognize that the workers' compensation court as the court of original jurisdiction has subject matter jurisdiction to determine the constitutionality of statutes under the Workers' Compensation Act (Franklin v. Walk, Haydel & Assoc., Inc., 95-0788 (La. 4th Cir. 5/17/95), writ denied, 95-1549 (La.9/29/95)). However, La. Const.1974, Art. V, Section 5(D) provides that "a case shall be appealable to the supreme court if ... a law or ordinance has been declared unconstitutional." Based on this constitutional provision, this Court has no appellate jurisdiction of this matter. Accordingly, this case is hereby transferred to the Louisiana Supreme Court for consideration of the constitutional issues raised by this appeal.
Because of the similarity of the issues presented, the cases were consolidated for argument before this court.

BACKGROUND
Prior to July 1, 1983, all claims for worker's compensation benefits were filed as a civil suit in state district court. In 1983, the Office of Worker's Compensation Administration was established, and disputed claims for worker's compensation benefits were evaluated by the director of the OWC, who issued an advisory recommendation which could be accepted or rejected by the employee. If the employee rejected this recommendation, he was free to file suit in district court.
The worker's compensation adjudication system was again changed by Act 938 of 1988, which became effective January 1, 1990. Under Act 938, a system of nine administrative hearing officers was created, and the hearing officers were vested with "original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act." However, in Moore v. Roemer, 567 So.2d 75 (La.1990), this court invalidated the hearing officer system, holding that Act 938 of 1988 divested the district court of original jurisdiction in violation of LA. CONST. art. V, § 16(A). See Long v. Insurance Co. of North America, 595 So.2d 636 (La.1992).
Subsequent to Moore v. Roemer, LA. CONST. art. V, § 16(A) was amended to provide, in relevant part:

*827 Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
LA. CONST. art. V, § 16(A)(1); (Emphasis added). This amendment became effective on November 8, 1990.
La.R.S. 23:1310.3(E) is the statutory grant of jurisdiction to hearing officers authorized by LA. CONST. art. V, § 16(A)(1). It states:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.

La.R.S. 23:1310.3(E)(Emphasis added).

ARTICLE V, § 16
As held by this court in Moore v. Roemer, supra, in absence of the amendment to LA. CONST. Art. V, § 16(A), carving out a portion of the district court's jurisdiction, the exercise of original jurisdiction by the hearing officers is unconstitutional. Therefore, any statutory grant of jurisdiction to the hearing officers under La.R.S. 23:1310.3(E) is specifically limited by the language of the amendment to Art. 5, § 16(A). In short, the hearing officer only has as much jurisdiction as authorized by the constitutional amendment.
LA. CONST. Art. V, § 16(A), as amended provides that the district court shall have original jurisdiction of all civil and criminal matters, "except ... for administrative agency determinations in worker's compensation matters." Therefore, it must be determined whether the phrase "administrative agency determinations" lawfully contemplates the constitutional review of the Worker's Compensation Act by a hearing officer, or the hearing officer's invalidation of a portion of that Act on constitutional grounds. For the reasons which follow, we conclude that it does not.
In general, administrative agencies lack the power to hold statutory provisions unconstitutional.[2] Although we find some support for the proposition that administrative agencies may determine the constitutionality of statutes,[3] the overwhelming weight of jurisprudential authority is to the contrary. This is true whether one surveys Louisiana jurisprudence, federal jurisprudence,[4] or the jurisprudence of our sister states.[5]
The courts of this state have consistently held that administrative agencies do not have *828 the authority to determine questions of constitutionality. In Midboe v. Commission on Ethics for Public Employees, 94-2270 (La.11/30/94), 646 So.2d 351, this court specifically addressed the issue, stating:
The determination whether a statute is unconstitutional is a purely judicial function. State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726 (La.1937). The judicial power of the state is constitutionally vested in the courts. La. Const. Art. 5 Sec. 1. The Commission is not a court but is an administrative agency in the executive branch of state government. See Bagert v. Bd. of Ethics for Elected Officials, 594 So.2d 922 (La.App. 1 Cir.1992). An administrative agency does not have the authority to determine the constitutionality of statutes. See Church Point Wholesale Beverage v. Tarver, 614 So.2d 697, 702 n. 8 (La.1993), and Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1 Cir.), writ denied, 582 So.2d 1306 (La.1991) (Board of Tax Appeals does not have authority to decide the constitutionality of statutes); Bell v. Dept. of Health and Human Resources, 483 So.2d 945, 947 n. 1 (La.1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986), and Appeal of Brisset, 436 So.2d 654 (La.App. 1 Cir.), writ denied, 441 So.2d 749 (La.1983) (Civil Service Commission does not have the authority to decide the constitutionality of statutes). Thus, the district court, and not the Commission, had jurisdiction to rule on the constitutionality of the statutes.
Midboe, supra at 355.
The Office of Worker's Compensation Administration was created within the Department of Labor for the purpose of administering the provisions of the Workers' Compensation Act. La.R.S. 23:1291. The administrative hearing officers are appointed by the director of the Office of Workers' Compensation Administration, who is in turn subject to the general administrative authority of the secretary of the Department of Labor. La.R.S. 23:1310.1 and La.R.S. 23:1310.2. There is no doubt that the Office of Workers' Compensation, like the Commission on Ethics for Public Employees in Midboe, is an administrative agency.
JUDICIAL POWER
LA. CONST. Art. V, § 1 provides:
§ 1.
Judicial Power Section 1. The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article.
Administrative agencies are a governmental hybrid, exercising powers similar to those exercised by all three branches of government. While agencies have rulemaking authority that shadows the powers of the legislature, they do not have the power to make law. Similarly, agencies have adjudicative and fact finding powers that mimic those exercised by courts. Although we recognize the Office of Workers' Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V. Put simply, the hearing officers of the Office of Workers' Compensation Administration are not authorized to exercise "judicial power" under Art. 5, § 1. Their authority was properly restricted to "administrative agency determinations" by Art. V, § 16(A).
The power of judicial review is the very essence of judicial duty. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). In holding that such duty is improperly exercised by an administrative agency, we echo the reasoning of the court in Panitz v. District of Columbia, 112 F.2d 39 (C.A.D.C. 1940):
It has been said that the necessities of our system require the judiciary to determine the constitutionality of Acts of the legislature. There can be little doubt that it represents the highest exercise of judicial power, and one that even the judiciary is reluctant to exercise. Interruption of the machinery of government necessarily attendant on this function not only cautions the judiciary but argues as well against its exercise by other agencies. It is this consideration for the orderly, efficient functioning of the processes of government *829 which make it impossible to recognize in administrative officers any inherent power to nullify legislative enactments because of personal belief that they contravene the constitution. Thus it is held that ministerial officers cannot question the constitutionality of the statute under which they operate. Likewise, it has been held that an administrative agency invested with discretion has no jurisdiction to entertain constitutional questions where no provision has been made therefor.
Panitz, supra at 41-42. (Footnotes omitted).
The review of the statutes that make up the Workers' Compensation Act for constitutional infirmity differs substantially from the application of those statutes for the purposes of an agency determination. In granting hearing officers only the authority to hear "administrative agency determinations" in "worker's compensation matters," LA. CONST. Art. V, § 16(A) only authorized hearing officers to adjudicate workers' substantive claims arising under the Act itself.[6] There is no constitutional authority for the exercise of judicial review by a hearing officer. We therefore explicitly hold that hearing officers of the Office of Workers' Compensation Administration lack subject matter jurisdiction to determine constitutional issues.

DECREE
In Albe v. Louisiana Workers Compensation Corporation, 97-CC-0014, we reverse the hearing officer's denial of defendant's declinatory exception of lack of subject matter jurisdiction. In Byron Clark v. Schwegmann Giant Supermarkets, 97-0581, the rulings of the hearing officer, declaring La.R.S. 23:1201.4 unconstitutional as applied, are reversed. These cases are remanded to the Office of Workers' Compensation Administration, District 8, for further proceedings consistent with this opinion and the reasoning expressed herein.
REVERSED AND REMANDED.
JOHNSON, J., dissents and will assign reasons.
LEMMON, J., not on panel. Rule IV, Part 2, Sec.3.
NOTES
[1] Franklin v. Walk, Haydel & Associates, 95-C-0788 (La.App. 4 Cir. 5/17/95), writ denied, 95-1549 (La.9/29/95), 660 So.2d 876. As an unpublished opinion, this decision has no jurisprudential authority. See Uniform Rules, Courts of Appeal, 2-16.3.
[2] 2 Kenneth Culp Davis and Richard J. Pierce, Administrative Law Treatise, § 15.5 at 331 (3d ed.1994).
[3] See Greer, Expanding the Judicial Power of the Administrative Law Judge to Establish Efficiency and Fairness in Administrative Adjudication, 27 U. Rich. L.Rev. 103; Hargrave, Louisiana Constitutional Law, 44 La. L.Rev. 423 (1983); Note, The Authority of Administrative Agencies to Consider the Constitutionality of Statutes, 90 Harv. L.Rev. 1682; Southern Pacific Transportation Co. v. Public Utilities Commission, 18 Cal.3d 308, 134 Cal.Rptr. 189, 556 P.2d 289 (1976).
[4] Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215, 114 S.Ct. 771, 780, 127 L.Ed.2d 29 (1994)("adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies"); Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions"); Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); Public Utilities Commission v. United States, 356 U.S. 925, 78 S.Ct. 713, 2 L.Ed.2d 760 (1958)("That issue is a constitutional one that the Commission can hardly be expected to entertain."). But See Mowbray v. Kozlowski, 724 F.Supp. 404 (W.D.Va.1989).
[5] See Arapahoe Roofing and Sheet Metal v. City of Denver, 831 P.2d 451 (Colo.1992)("When a party wishes to challenge the constitutionality of a statute or ordinance under which an administrative agency acts, the proper forum is the district court where the party can seek a declaratory judgment."); Montez v. J & B Radiator, Inc., 108 N.M. 752, 779 P.2d 129 (App.1989) ("An administrative agency does not have the authority to determine the constitutionality of a statutory enactment."); Quam v. State, 391 N.W.2d 803 (Minn.1986)("We have on more than one occasion precluded agency tribunals from assuming the uniquely judicial power the review the constitutionality of laws."). See also, Greer, supra note 3, at P.104, Fn. 7 (Citing the jurisprudence of 22 states, reflecting the general rule that administrative agencies may not determine issues of constitutionality).
[6] The courts of this state, including this court, have consistently held that where the subject matter of the claim is other than an agency determination of benefits and penalties directly associated with an employee's work-related injury, the district courts are not deprived of jurisdiction. See, Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992); Covington v. A-Able Roofing Inc., 95-1126 (La.App. 3 Cir. 3/6/96); 670 So.2d 611 (no jurisdiction to determine the relationship between a corporation and its stockholders for purposes of piercing the corporate veil); Williams v. Midwest Employers Cas. Co., 28,118 (La.App. 2 Cir. 2/28/96); 669 So.2d 616, writ denied, 96-0820 (La.5/17/96); 673 So.2d 610 (interpretation of insurance policy between employer and insurer); Gordon v. Waste Management of New Orleans, 94-1252 (La.App. 4 Cir. 12/15/94), 648 So.2d 1037, writ denied, 95-0691 (La.4/28/95), 653 So.2d 595 (no jurisdiction over claim by employer for offset against settlement between claimant and third party tortfeasor). See also, Orthopedic Specialists of Louisiana v. Western Waste Industries, Inc., 28,281 (La. App. 2 Cir. 5/13/96), 674 So.2d 1180; Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95); 651 So.2d 943.