830 So.2d 1120 (2002)
James Greg ALLEN, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY and Yarnell Ice Cream Company, Defendants-Appellees.
No. 36,606-CA.
Court of Appeal of Louisiana, Second Circuit.
November 6, 2002.
*1121 Street & Street, by C. Daniel Street, Monroe, for Appellant.
Hurlburt, Privat & Monrose, by M. Blake Monrose, Lafayette, for Appellees.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
PEATROSS, J.
This appeal by James Allen seeks review of a judgment dismissing his lawsuit against his former employer, Yarnell Ice Cream Company ("Yarnell"), and its workers' compensation insurer, Fireman's Insurance Company ("Fireman's"). For the following reasons, we affirm.

FACTS
The facts of Mr. Allen's claim for compensation and subsequent forfeiture of compensation are set forth in this court's previous opinion in this matter, Yarnell Ice Cream Co. v. Allen, 33,020 (La.App.2d Cir.5/10/00), 759 So.2d 1066, writ granted, 00-1520 (La.9/15/00), 767 So.2d 699, order recalled, 00-1520 (La.1/17/01), 777 So.2d 472. Mr. Allen claimed to have injured his back on his first day of work at Yarnell on October 9, 1995, and obtained medical treatment paid for by workers' compensation. Mr. Allen reported no medical history of back problems to his doctors. Subsequently, Yarnell and Fireman's learned that Mr. Allen had injured his back in a fall at a Montgomery Ward store on September 27, 1995. Yarnell and Fireman's then filed an action in the Office of Workers' Compensation ("OWC") seeking the return of benefits paid, the permanent termination of benefits for Mr. Allen and costs of the investigation and litigation. The Louisiana Department of Labor ("LDOL") intervened seeking a penalty against Mr. Allen.
The OWC awarded Yarnell and Fireman's restitution in the amount of $53,172.56 plus legal interest, ordered Mr. Allen to pay a $5,000 fine to the LDOL and ordered that Mr. Allen pay all the costs of the proceedings. After judgment was rendered, two appeals were taken. Both Mr. Allen and Yarnell/Fireman's appealed. Mr. Allen's appeal focused on the trial court's finding that he made false *1122 statements subsequent to August 15, 1997, in order to wrongfully obtain compensation as well as the order to reimburse Yarnell and Fireman's. Mr. Allen did not appeal the issue of whether the OWC correctly determined that he had, in fact, made false statements prior to August 15, 1997. Yarnell and Fireman's appealed to this court the OWC's refusal to order Mr. Allen to pay the $13,684.66 cost of the investigation and litigation and the OWC's order of payment of the fine to the LDOL instead of to Yarnell and Fireman's.
On appeal, this court considered Mr. Allen's argument that he could not be ordered to pay restitution because the statements he made to obtain workers' compensation were made in October 1995 prior to the enactment of the current version of La. R.S. 23:1208(D) allowing the employer to seek restitution.[1] This court rejected Mr. Allen's argument and agreed with Our Lady of The Lake Regional Medical Center v. Helms, 98-1931 (La.App. 1st Cir. 9/24/99), 754 So.2d 1049, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863, that the amendment could be applied retroactively. This court, however, agreed with Yarnell and Fireman's that they were entitled to recover the costs of investigation and litigation and we remanded the case to the OWC for entry of a judgment against Mr. Allen in favor of Yarnell and Fireman's for costs of the investigation and litigation. On April 17, 2001, the OWC entered a second judgment in this matter that, in addition to the matters previously adjudged, ordered Mr. Allen to pay $13,684.66 to Yarnell and Fireman's.
On April 19, 2001, Mr. Allen filed a "Petition for Nullity of Judgment and For Declaratory Judgment" in the Fourth Judicial District Court. This petition urged that both of the OWC's judgments were nullities
because the [OWC] has no jurisdiction to award money damages and only the district courts of this State have such jurisdiction; therefore, this action by the [OWC] and La. R.S. 23:1208 are unconstitutional, null and void because they violate Article 5, Section 16 of the Louisiana Constitution.
Mr. Allen also urged that the OWC's judgments amounted to double jeopardy because he had been prosecuted criminally as a result of his actions in this matter and that he had satisfied his sentence. Next, Mr. Allen argued that the award of money damages amounted to excessive punishment under La. Const. art. 1, § 20, of the Louisiana Constitution.[2] Mr. Allen finally argued that La. R.S. 23:1208 could not be applied retroactively without violation of La. Const. art. 1, §§ 2 and 23.
Yarnell and Fireman's answered this petition with an array of exceptions including lack of subject matter jurisdiction, no cause of action and improper cumulation of actions. Argument on the exceptions was heard by the court on April 23, 2002.[3] On May 13, 2002, the court signed a judgment *1123 granting the defendants' exception of lack of subject matter jurisdiction as to Mr. Allen's petition for nullity and also granting the defendants' exception of res judicata as to Mr. Allen's petition to declare La. R.S. 23:1208 unconstitutional. Mr. Allen now appeals.

DISCUSSION
Assignment of Error No. 1: Exception of Lack of Subject Matter Jurisdiction
La. C.C.P. art.2002 provides, in part:
A. A final judgment shall be annulled if it is rendered:

* * *
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
La. C.C.P. art.2006 provides:
An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.
Mr. Allen urges that the district court, not the OWC, is the "trial court" in which his action for nullity must be brought. La. Const. art. 5, § 16(A), provides, in part:
(A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (Emphasis added.)
As observed by the supreme court in Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64:
The purpose of the Workers' Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399; Landreneau v. Liberty Mut. Ins. Co., 309 So.2d 283 (La.1975). The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes were to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. See Kelly v. CNA Insurance Co., 98-0454 (La.3/12/99), 729 So.2d 1033.
La. R.S. 23:1310.3 provides, in part:
E. Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
In Yarnell, supra, this court expressly held that the OWC had the authority to enter judgment in favor of the employer and insurer for restitution when the worker had obtained benefits by fraud. This *1124 dispute thus "arises out of" the workers' compensation laws and the OWC has jurisdiction to resolve the dispute. The judgments complained of are judgments of the OWC. To the extent that the case touches upon the issue, we expressly disagree with Lanthier v. Family Dollar Store, 02-429 (La.App. 3rd Cir.10/2/02), 827 So.2d 547, that La. R.S. 23:1208 is unconstitutional. Thus, the OWC, not the district court, is the proper "trial court" in which to bring an action for nullity.
Assignment of Error No. 2: Exception of Res Judicata
Mr. Allen challenges the district court's dismissal of his declaratory judgment and urges that the district court is the appropriate forum for this challenge. La. R.S. 23:1310.3(F) currently provides:
F. (1) Any party challenging the constitutionality of any provision of this Chapter shall specially plead such an allegation in the original petition, an exception, written motion, or answer, which shall state with particularity the grounds for such an allegation.
(2) Within thirty days of the filing of any pleading raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality. Said filing shall be given priority in hearing such claim not more than ten days from being presented to the district court.
(3) Failure to follow the procedures set forth in this Section shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal.
These provisions were not in effect at the time of Mr. Allen's initial claim for benefits or at the time he filed his petition in district court. Without regard to the retroactivity of this provision, however, Mr. Allen did not attempt to litigate the constitutional issue in the proceedings that led to his first appeal. By October 1997, it was settled that the OWC has no jurisdiction to hear constitutional claims, see Albe v. Louisiana Workers' Compensation Corp., 97-0581 (La.10/21/97), 700 So.2d 824, and Mr. Allen could have raised this issue and sought transfer to the district court at that time. The OWC's initial judgment in this case was rendered on May 4, 1999, long after Albe.
La. C.C.P. art.2005 provides:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.
The gist of Mr. Allen's argument in this appeal is that the OWC has no jurisdiction to award money damages except in awarding compensation benefits. In the 1999 appeal, Mr. Allen sought review of the OWC's reimbursement award of $53,172.56 in restitution. This is an award of money damages made by the OWC. Since this award is encompassed by Mr. Allen's argument in this appeal, the ground for nullity asserted in his 2001 petition appeared in the record in the first appeal. Likewise, the other effects of the OWC's judgment challenged in Mr. Allen's 2001 petition were also apparent at the time of the first appeal. Hence, Mr. Allen's challenge to the OWC's jurisdiction and to the constitutionality of the statutes enabling the OWC to enter these awards, including his action challenging the subsequent award for damages for investigation and litigation, is barred by operation of La. C.C.P. art.2005.
*1125 We find no error in the trial court's judgment.

CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed at James Greg Allen's cost.
AFFIRMED.
NOTES
[1] La. R.S. 23:1208(D) provides as follows:

D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
[2] Since we affirm the trial court on procedural bases, finding that Mr. Allen's claims were not properly before the trial court, we do not reach the constitutional issues of double jeopardy and excessive punishment.
[3] No transcript of this hearing is included in the record.