859 So.2d 50 (2003)
Wilburn M. FLENIKEN, II
v.
SAFEWAY TRANSPORTATION, INC.
No. 2002 CA 2389.
Court of Appeal of Louisiana, First Circuit.
July 2, 2003.
*51 Stacey Moak, Douglas Chapoton, Baton Rouge, Counsel for Plaintiff/Appellant Wilburn M. Fleniken, II.
John J. Rabalais, Max K. Jones, Jr., Covington, Counsel for Defendant/Appellee Safeway Transportation, Inc.
Before: KUHN, DOWNING and GAIDRY, JJ.
DOWNING, J.
Wilburn M. Fleniken, II, appeals a judgment rendered by the Workers' Compensation Judge (WCJ)[1] dismissing Fleniken's claim for attorney fees under La. R.S. 23:1103(C) (hereinafter referred to as Moody fees),[2] against his employer, Safeway Transportation, Inc. (Safeway). The WCJ ruled it lacked subject matter jurisdiction over Moody fee claims. We agree and for the following reasons affirm the judgment.
This matter arises from a work related accident. Fleniken instituted a tort action in district court against his employer, Safeway, as well as Entergy Corporation and TMI Enterprises, Inc. He also filed a disputed claim for workers' compensation against Safeway, but requested that the workers' compensation proceeding be stayed until the tort action was resolved. A jury trial was held, and the jury found no fault on the part of Entergy and allocated TMI and Safeway each with 50% fault, awarding Fleniken damages in the amount of $2,080,782.74. The jury also found that Safeway was immune from tort liability pursuant to the Louisiana Workers' Compensation Act. The First Circuit Court of Appeal affirmed the damage award but reversed the jury's finding of no fault on the part of Entergy and assessed it with 20% fault thereby reducing TMI's and Safeway's fault to 40% each.[3] Safeway's tort immunity was affirmed. Fleniken reasserted his workers' compensation claim, adding a claim for Moody fees against Safeway pursuant to La. R.S. 23:1101(C)(1). Safeway responded by asserting its entitlement to credits and offsets as a matter of law because Fleniken's recovery in tort exceeded the value of his workers' compensation claim. Safeway filed a declinatory exception asserting lack of subject matter jurisdiction exception. The WCJ sustained the exception and dismissed the Moody fee claim for lack of subject matter jurisdiction. Fleniken appeals.
*52 The sole issue of this appeal is whether the Office of Workers' Compensation (OWC) has jurisdiction to award claimant Moody fees pursuant to La. R.S. 23:1103(C).
Louisiana Revised Statutes 23:1103(C)(1) provides the following:
If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor's recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefited or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to postjudgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages. (Emphasis added.)
Fleniken argues that he is entitled to Moody fees on the amounts awarded to him against Safeway. Fleniken reasons that since Safeway was apportioned with 40% of the fault but escaped any obligation to pay because of its tort immunity, Safeway still owes its percentage of attorney fees for Fleniken pursuing the tort claim, thereby relieving it of the obligation it would otherwise bear to pay him compensation benefits and medical expenses. Fleniken argues that this claim need not be brought in district court as the OWC has broad discretion to settle "all claims or disputes arising out of this Chapter" in La. R.S. 23:1310.3(E).
We disagree. The plain language in La. R.S. 23:1103(C) requires that attorney fees must be determined by the district court. The word "shall" is mandatory and the word "may" is permissive. La. R.S. 1:3. The phrase "[a]ttorney fees shall be determined by the district court" is mandatory language. In construing legislative enactments, we must assume that the Legislature intended every word, phrase, and clause to have some meaning and that none was inserted by accident. Consequently, we must construe every provision of a statute in such a manner so as to give it some effect. Hoag v. State ex rel. Kennedy, 01-1076, p. 13 (La.App. 1 Cir. 11/20/02), 836 So.2d 207, 219, writ denied, 02-3199 (La.3/28/03), 840 So.2d 570; citing Elevating Boats, Inc. v. St. Bernard Parish, 00-3518, p. 18 (La.9/5/01), 795 So.2d 1153, 1166. And so construing, it is clear that the Office of Workers' Compensation lacks jurisdiction in this regard.
Fleniken argues that OWC has jurisdiction because of the language in La. R.S. 23:1310.3(E) provides OWC with exclusive jurisdiction over claims "arising out of this Chapter." The Moody fee claim, however, arises from the tort litigation and does not "arise out of this Chapter" as contemplated in La. R.S. 23:1310.3. The statutory grant of jurisdiction to the Office of Workers' Compensation in La. R.S. 23:1310.3(E) has been specifically limited by the language of the amendment to Article V, § 16(A) of the Louisiana Constitution, which gives the WCJ only as much jurisdiction as this constitutional amendment authorizes. Albe v. Louisiana Workers' Compensation Corporation, 97-0581, p. 6 (La.10/21/97), 700 So.2d 824, 827.
*53 The WCJ clearly did not err in sustaining the objection raised by the exception of no subject matter jurisdiction and dismissing Fleniken's claim for attorney fees under La. R.S. 23:1103(C).

DECREE
Accordingly, the judgment of the Workers' Compensation Judge is affirmed. The costs of this appeal are assessed against appellant, Wilburn M. Fleniken, II.
AFFIRMED.
NOTES
[1] La. R.S. 23:1310.1.
[2] The label "Moody fees" derives from the case Moody v. Arabie, 498 So.2d 1081 (La. 1986), in which the Louisiana Supreme Court set out when an attorney representing an injured plaintiff could recover attorney fees and costs from amounts an intervenor employer recovered in suit, and the holding of this case was codified in La. R.S. 23:1103(C).
[3] Fleniken v. Entergy Corporation, 00-1824, 00-1825 (La.App. 1 Cir. 2/16/01), 780 So.2d 1175.