851 So.2d 1145 (2003)
ANR PIPELINE COMPANY
v.
LOUISIANA TAX COMMISSION, Malcolm B. Price, Jr., Chairman of the Louisiana Tax Commission, Kenneth P. Naquin, Jr., Member of the Louisiana Tax Commission, and Russell R. Gaspard, Member of the Louisiana Tax Commission.
No. 2002-C-1479.
Supreme Court of Louisiana.
July 2, 2003.
Rehearing Denied September 5, 2003.
*1146 Brian A. Eddington, Baton Rouge, Counsel for Applicant.
Angela M. Adolph, Baton Rouge, Hilton S. Bell, Lawrence E. Garrett, Milling Benson & Woodward, New Orleans, Counsel for Respondent.
CALOGERO, Chief Justice.[*]
We granted certiorari to consider whether original jurisdiction over constitutional challenges to certain Louisiana tax provisions relative to assessments of public service property for taxation purposes lies with the Louisiana Tax Commission ("LTC") or with Louisiana district courts. Finding that the court of appeal correctly held that Louisiana district courts have original jurisdiction over constitutional questions, we affirm the judgment of the court of appeal holding that a protest to a tax assessment based solely on a constitutional challenge was not prematurely filed in the district court, even though the LTC had not yet issued a final determination of assessed valuation.
The plaintiffs in this case are five interstate pipeline companies[1] providing gas transportation, storage, and balancing services to customers in Louisiana, and owning property within the State of Louisiana that qualifies as "public service property" under the definition set forth in La.Rev. Stat. 47:1851(K).[2] For the tax year 2000, the Louisiana Tax Commission issued its initial determinations of assessed valuation[3] for ad valorem tax purposes, assessing the interstate pipeline companies at 25 percent of the fair market value of their public service properties in Louisiana, pursuant to La. Const. Art. 7, § 18(B).[4] The interstate pipeline companies filed a *1147 protest with the LTC, challenging the constitutionality of La.Rev.Stat. 47:1851(K) under the United States and Louisiana constitutions. The challenge arises from the fact that intrastate pipeline companies do not qualify as "public service properties," but are instead classified as "other property" pursuant to La. Const. Art. 7, § 18(B).[5] As a result of that classification, intrastate pipeline companies are assessed by local assessors at only 15 percent of the fair market value of their properties.
Such a disparity results in a violation of the uniformity requirement of La. Const. Art. 7, § 18(A)[6], as well as violations of their right to equal protection of the law under the United States and Louisiana constitutions and of the prohibition against impermissible burdens on interstate commerce under the United States Constitution, the interstate pipeline companies assert. They additionally claim that some pipeline companies that should be taxed by the LTC at 25 percent because they fall under the definition of "public service companies" are being taxed by local assessors at 15 percent, also in violation of their rights to equal protection of law and due process under the United States and Louisiana constitutions.
Prior to the issuance of a final determination of assessed valuation by the LTC, the interstate pipeline companies paid the taxes under protest, then filed declaratory judgment actions in district court, again asserting the constitutional challenge summarized above. The LTC responded by filing exceptions of prematurity, no cause of action, and nonjoinder. The exception of prematurity was based on the provisions of La.Rev.Stat. 47:1856,[7] which generally *1148 requires that taxpayers defer instituting suit in district court until the LTC has issued a final determination. See La.Rev. Stat. 47:1856(D)(1). The district court granted the LTC's exceptions of prematurity and no cause of action, and dismissed the suits with prejudice. The interstate pipeline companies appealed, and the appeals were consolidated in the court of appeal.
The court of appeal reversed the district judgment granting LTC's exception of prematurity. ANR Pipeline Co. v. Louisiana Tax Comm'n, 01-2594 (La.App. 1 Cir. 3/20/02), 815 So.2d 178.[8] The court of appeal stated as follows:
The administrative procedures set forth in Revised Statute 47:1856 require that plaintiffs obtain a final adjudication by the Commission as to "all objections," whether contesting correctness or legality, before seeking judicial review in the district court.... The Commission, however, cannot rule on an objection to correctness based on lack of uniformity and quality under the Louisiana and United States Constitutions, which are the prius of all Louisiana legislation. See La. C.C. art. 1, Official Revision Comment (d). Thus, it would be futile and wasteful to require these taxpayers to obtain a "final adjudication" from the Commission when the only issue remaining is the constitutionality of Revised Statute 47:1851(K), an issue the Commission lacks jurisdiction to decide. Weinberger v. Salfi, 422 U.S. 749, 765-766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).
Id. at 10, 815 So.2d at 185.[9] We granted the LTC's application for review of the above decision.
This court has previously addressed the general question of whether a tax protest based on a constitutional challenge may be filed directly in district court prior to the issuance of a final adjudication of assessed valuation by the LTC. In Triangle Marine, Inc. v. Savoie, 95-2873 (La.10/15/96), 681 So.2d 937, we noted that challenges to property tax assessments are *1149 categorized either as challenges to the "correctness of assessments" or challenges to the "legality of assessments." Id. at 3, 681 So.2d at 939. Although correctness challenges are subject to review under La. Const. Art. 7, § 18(E) by the parish governing authority and the LTC[10] before being reviewed by Louisiana courts, legality challenges may be filed directly in the district court pursuant to the provisions of La. Const. Art. 7, § 3[11] and La.Rev.Stat. 47:2110(B)[12]. Id. at 3-4, 681 So.2d at 939. In Triangle Marine, we held that challenges to "both the validity of the law itself and the constitutionality of the administration of an otherwise valid law" present legality issues that may be reviewed directly by the district court. Id. at 7, 681 So.2d at 941. The upshot of the Triangle Marine case is that the LTC has original jurisdiction over correctness challenges, while the district court has original jurisdiction over legality challenges, including the constitutional challenge presented in that case. Id. The district court has only appellate jurisdiction over correctness challenges. Id. In the instant case, the court of appeal departed somewhat from the rule established by Triangle Marine and held that district courts have original jurisdiction over constitutional challenges, regardless of whether the case involves a challenge to correctness or a challenge to legality. ANR Pipeline Co., 01-2594, 815 So.2d 178.
Nevertheless, the LTC's appeal to this court is not based on the fact that the court of appeal departed from the rule established by Triangle Marine by holding that all constitutional challenges, including challenges to correctness, may be filed directly in district court. Rather, the LTC argues that a completely different rule should apply in the instant case because different statutes govern review of tax assessments relative to public service properties. The tax protest at issue in Triangle Marine was filed under La.Rev.Stat. 47:2110,[13] the general tax assessment protest statute. However, the tax protest at issue in this case was filed under La.Rev. Stat. 47:1856,[14] the tax protest statute that applies specifically to assessment of public service property. Under the express language of that statute, a taxpayer who objects to an initial determination of assessed valuation of public service property "shall assert all objections" to the LTC. La.Rev. Stat. 47:1856(B). Further, the judicial review provision in that statute states as follows:
Any company that is dissatisfied with the final determination of assessed valuation by the Louisiana Tax Commission may institute suit appealing the correctness or legality of such final determination *1150 of assessed valuation for taxation by the Louisiana Tax Commission.
La.Rev.Stat. 47:1856(D)(1).
The LTC argues that the highlighted language above demands that protests concerning tax assessments on public service property be subject to different rules than those set forth in Triangle Marine. Under the above language, public service property taxpayers must present to the LTC all objections to the initial determination of assessed valuation, including legality and constitutionality challenges, before challenging ad valorem tax assessments in district court, the LTC suggests. Moreover, the LTC interprets the above provision to require that a taxpayer receive a final determination of assessed valuation from the LTC prior to filing a "suit appealing" such valuation in district court. Accordingly, the LTC argues, the court of appeal improperly reversed the trial court judgment granting its exception of prematurity.
The gravamen of the LTC's argument is that the requirements of La.Rev.Stat. 47:1856 deprive Louisiana district courts of original jurisdiction over any matter related to the correctness or legality, including constitutionality, of a public service property tax assessment. Under the LTC's interpretation, district courts are confined to the exercise of appellate jurisdiction over all challenges to public service property tax assessment challenges, regardless of whether they are challenges to correctness or challenges to legality. Since the district court can exercise only appellate jurisdiction over such cases, any suit filed prior to the LTC's issuance of a final determination of assessed valuation is premature, the LTC argues.
The LTC's argument is compromised, however, by the fact that the LTC admits that it has no subject-matter jurisdiction to consider the constitutional issues presented by this case. Although none of the parties questions that conclusion, we note that administrative agencies, like the LTC, "lack the power to hold statutory provisions unconstitutional." Albe v. Louisiana Workers' Compensation Corp., 97-0581, pp. 6-7, (La.10/21/97), 700 So.2d 824, 827-28, and cases cited therein. The basis of this rule has been stated by this court as follows:
The determination of whether a statute is unconstitutional is a purely judicial function. State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726 (La. 1937). The judicial power of the state is constitutionally vested in the courts. La. Const. Art. 5 § 1. The Commission is not a court but is an administrative agency in the executive branch of state government. See Bagert v. Bd. of Ethics for Elected Off., 594 So.2d 922 (La. App. 1 Cir.1992). An administrative agency does not have the authority to determine the constitutionality of statutes. See Church Point Wholesale Beverage v. Tarver, 614 So.2d 697, 702 n. 8 (La.1993), and Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1 Cir.), writ denied, 582 So.2d 1306 (La. 1991) (Board of Tax Appeals does not have authority to decide the constitutionality of statutes); Bell v. Dept. of Health and Human Resources, 483 So.2d 945, 947 n. 1 (La.1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986), and Appeal of Brisset, 436 So.2d 654 (La.App. 1 Cir.), writ denied, 441 So.2d 749 (La.1983) (Civil Service Commission does not have the authority to decide the constitutionality of statutes). Thus, the district court, and not the Commission, had jurisdiction to rule on the constitutionality of the statutes.
Midboe v. Commission on Ethics for Public Employees, 94-2270, p. 7 (La.11/30/94),646 So.2d 351, 355, quoted in Albe, 97-0581 at 7-8, 700 So.2d at 828.
*1151 When all of the LTC's arguments on this issue are considered together, it becomes apparent that the LTC is arguing that it is empowered by La.Rev.Stat. 47:1856 to exercise original jurisdiction over a constitutional issue it has no subject matter jurisdiction to consider. However, this court previously rejected virtually the same argument in Albe.
At issue in Albe was whether hearing officers in an administrative agency, the Office of Workers' Compensation, had subject matter jurisdiction to determine issues of constitutionality in claims arising under the Workers' Compensation Act. 97-0581, 700 So.2d 824. Under the provisions of La. Rev. State 23:1310.3, hearing officers, similar to the LTC in this case, are "vested with original, jurisdiction over all claims or disputes" arising out of the Workers' Compensation Act (emphasis supplied). See Id. at 5, 700 So.2d at 827. Nevertheless, this court held that Workers' Compensation hearing officers do not have original jurisdiction over constitutional issues because the determination of constitutionality is a purely judicial function that cannot be vested in an administrative agency like the Office of Workers' Compensation. Id.
The same rule must apply to the LTC in this case. The fact that the Legislature has granted the LTC general authority to hear "all objections" does not, and cannot, give the LTC subject matter jurisdiction over constitutional questions, as the LTC concedes. With few exceptions, Louisiana district courts have original jurisdiction over all civil and criminal matters. La. Const. Art. 5 § 16(A). Moreover, "administrative agencies lack the power to hold statutory provisions unconstitutional." Id. at 6, 700 So.2d at 828. It is the district court that has original jurisdiction to rule on the constitutionality of statutes. Id. at 8, 700 So.2d at 828. Accordingly, in addition to the rule established by Triangle Marine allowing non-public service property taxpayers to file protests based on legality challenges directly in district court, we now hold that all taxpayers, including public service property taxpayers, may file protests based on constitutional challenges directly in district court.
Because their protests are based on constitutional challenges, the public service property taxpayers' suits were not prematurely filed in district court. The court of appeal properly reversed the district court judgment granting the exception of prematurity filed by the LTC, and that judgment is hereby affirmed.
However, our review of the court of appeal decision in this case reveals that the court of appeal failed to address the issues presented by the LTC's exception of no cause of action, which was also granted by the trial court. We therefore remand this case to the court of appeal for consideration of the LTC's exception of no cause of action.

DECREE
The decision of the court of appeal reversing the trial court judgment granting the LTC's exception of prematurity is affirmed. The case is remanded to the court of appeal for consideration of the LTC's exception of no cause of action.
AFFIRMED AND REMANDED.
KIMBALL, J., dissents and assigns reasons.
KNOLL, J., dissents for reasons assigned by KIMBALL, J.
KIMBALL, Justice, dissenting.
I agree with the majority's pronouncement of the general rule that the Louisiana Tax Commission ("LTC") does not have original jurisdiction over constitutional questions and lacks the power to hold statutory provisions unconstitutional. I *1152 disagree, however, with the majority's sweeping statement that "a taxpayer may protest a tax assessment directly in district court ... when the protest is based on a constitutional challenge." Op. at 1151. In my view, the timing of the lodging of a suit based on a constitutional challenge in the district court is best decided on a case-by-case basis.
In the instant case, the LTC filed an exception of prematurity as to the taxpayers' claims seeking review in the district court of the initial determination of assessed valuation of their public service properties for 2000. The LTC objected to the taxpayers' actions seeking declaratory judgment on the constitutionality of La. R.S. 47:1851(K) on grounds of failure to state a cause of action because no justiciable controversy was presented. The taxpayers' petitions for declaratory judgment allege that La. R.S. 47:1851(K) is an unconstitutional burden upon interstate commerce under the United States Constitution, a violation of their equal protection and due process rights under both the United States and Louisiana Constitutions, and a violation of their right to uniform taxation according to its class pursuant to La. Const. art. VII, § 18.
In my view, it is inefficient and futile to require a final assessment when the sole challenge to the initial determination of the assessed valuation is the constitutionality of a statute on its face. On the other hand, I believe a final assessment is required when the constitutional challenge to the initial determination of the assessed valuation is dependent on facts unique to a particular case. In the case at bar, one of the taxpayers' allegations is that similarly situated taxpayers are assessed by local parish assessors at 15% of the fair market value of similar properties while they are assessed at 25%. Thus, they contend this disparate treatment violates their right to equal protection of the laws, due process and uniformity of taxation. A proper analysis of these claims requires the introduction of specific evidence and a final assessment by the LTC to establish that the taxpayers are, in fact, finally assessed at the rate of 25%. Prior to the issuance of a final assessment by the LTC, the taxpayers' request that the district court review their constitutional claims on these grounds is therefore premature. Conversely, as explained above, those claims based on a facial challenge to the statute may be presented to the district court at this time as it would be pointless to require a final assessment prior to the district court's consideration of the constitutional issue.
I would therefore remand the case to the district court for it to determine which challenges it can entertain at this time and to transfer those constitutional issues requiring a final assessment for proper resolution to the LTC.
KNOLL, J., dissents for the reasons assigned by Kimball, J.
NOTES
[*] Retired Judge Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Associate Justice John L. Weimer, recused.
[1] ANR Pipeline Co.; Stingray Pipeline Co., L.L.C.; UT Offshore Systems, L.L.C.; Tennessee Gas Pipeline Co.; and Southern Natural Gas Co.
[2] La.Rev.Stat. 47:1851(K) provides as follows:

"Pipeline company" means any company that is engaged primarily in the business of transporting oil, natural gas, petroleum products, or other products within, through, into or from this state, and which is regulated by (1) the Louisiana Public Service Commission, (2) the Interstate Commerce Commission, or (3) the Federal Power Commission, as a "natural gas company" under the Federal natural Gas Act, 15 U.S.C. §§ 717-717w, because that person is engaged in the transportation of natural gas in interstate commerce, as defined in the Natural Gas Act.
[3] Under the provisions of La.Rev.Stat. 47:1957, "[a]ll taxable property in the state, except public service properties, shall be assessed by the several assessors." However, public service properties are assessed by the LTC under the provisions of La.Rev.Stat. 47:1856. See fn. 7, infra. Regarding property, other than public service property, assessed by assessors, the LTC reviews appeals by taxpayers. La.Rev.Stat. 47:1989. However, regarding public service property, the LTC both issues the initial determination of assessed valuation and reviews that initial determination.
[4] La.Const. Art. 7, § 18 provides, in pertinent part, as follows:

(A) Assessments. Property subject to ad valorem taxation shall be listed on the assessment rolls at its assessed valuation, which, except as provided in Paragraph (C) shall be a percentage of its fair market value. The percentage of fair market value shall be uniform throughout the state upon the same class of property.
(B) Classification. The classifications of property subject to ad valorem taxation and the percentage of fair market value applicable to each classification for the purpose of determining assessed valuation are as follows:

Classifications Percentages
1. Land 10%
2. Improvements for residential 10%
 purposes
3. Electric cooperative properties, 15%
 excluding land
4. Public Service Properties, excluding 25%
 land
5. Other property 15%

* * * * *
(E) Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
[5] See footnote 4, supra.
[6] See footnote 3, supra.
[7] La.Rev.Stat. 47:1856, entitled "Notice of valuation, hearing, appeals," provides, in pertinent part, as follows:

A. (1) The Louisiana Tax Commission shall give notice of the initial determination of the assessed valuation in writing to the company. This notice shall be delivered by certified mail, return receipt requested addressed to, or by personal service upon, the officer or authorized agent of the company responsible for the filing of the annual report. In the event that the company objects to the initial determination by the Louisiana Tax Commission, it may, within thirty days after receipt of the notice of that initial determination, file a protest in writing to the Louisiana Tax Commission which protest shall fully disclose the reason for protesting the initial determination.
* * * * *
(3) In the event that a protest is filed, the Louisiana Tax Commission shall grant a full and complete hearing to the company at a time and place to be determined by the Louisiana Tax Commission, but in no case shall the hearing be scheduled more than one hundred eighty days from the date the company filed its written protest in the case of public service property. Such hearing shall not be consolidated with any other hearing with respect to any other protest filed in a different tax year by the taxpayer or by any other taxpayer of an initial determination of assessed valuation by the Louisiana Tax Commission.
B. At the hearing, the company shall assert all objections to the initial determination by the Louisiana Tax Commission and may file a statement under oath specifying each respect in which the initial determination is contested. The company may also offer full and complete testimony in support of its objections. Within thirty days following the completion of the hearing, the Louisiana Tax Commission shall notify the company, by the method specified in Subsection A of this Section, of its final determination.
* * * * *
D. (1) Any company that is dissatisfied with the final determination of assessed valuation by the Louisiana Tax Commission may institute suit appealing the correctness or legality of such final determination of assessed valuation for taxation by the Louisiana Tax Commission. However, to state a cause of action, the petition instituting such suit shall name the Louisiana Tax Commission as defendant and shall set forth not only the final determination of assessed valuation for taxation made by the Louisiana Tax Commission appealed from, but also the assessed valuation for taxation that the company deems to be correct and legal and the reasons therefor.
[8] The court of appeal also addressed other issues not relevant to our decision today.
[9] The court of appeal referred to its previous opinion in ANR Pipeline Co. v. Louisiana Tax Comm'n, 00-2251, p. 2 (La.App. 1 Cir. 12/22/00), 774 So.2d 1261, 1262, writ denied, 01-0250 (La.4/20/01), 790 So.2d 633 to support its statement that the constitutional challenge in this case is a correctness challenge, as opposed to a legality challenge. Because it does not impact the result in this case, we do not address that statement.
[10] See footnote 3, supra.
[11] La. Const. Art. 7, § 3, "Collection of Taxes," provides, in pertinent part, as follows:

(A) The legislature shall prohibit the issuance of process to restrain the collection of any tax. It shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.
[12] La.Rev.Stat. 47:2110, "Suits to recover taxes aid under protest," provides, in pertinent part, as follows:

B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer designated by law for the collection of the tax shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
[13] See footnote 11, supra.
[14] See footnote 6, supra.