JOHNSON, J.,
dissenting.
hi respectfully dissent.
LSA-Const. Art. V, § 8(b) provides:
*171 A majority of the judges sitting in a ease must concur to render judgment. However, in civil matters only, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment. (Emphasis added).
Admittedly, the Office of Workers’ Compensation is not a “district court,” but, rather, an administrative agency. However, in my view, it is necessary to treat workers’ compensation matters differently than judgments in city court cases, or decisions of ethics boards and civil service commissions.
At the time the 1974 Constitution was adopted, workers’ compensation matters were heard by the district court. During that time, this court held that a 2-1 reversal of a district court’s ruling in a workers’ compensation matter must be reargued before a five-judge panel. Virgil v. American Guarantee & Liab. Ins. Co., 514 So.2d 1169 (La.1987).
In 1990, the voters approved an amendment to La. Const. Art. V, § 16(A)(1), which became effective November 8, 1990, and provides:
Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for |2administrative agency determinations in workers’ compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
Thereafter, the Office of Workers’ Compensation (“OWC”) assumed jurisdiction of workers’ compensation matters.
As explained in. Albe v. Louisiana Workers’ Compensation Corp., 97-0581 (La.10/21/97), 700 So.2d 824, the Office of Workers’ Compensation is not a court, but an administrative agency created within the Department of Labor. However, Albe also recognized that following the constitutional amendment, the OWC has adjudicative and fact-finding powers akin to those of a district court, and exercises some of the functions previously reserved to the judiciary.[1] Seen in this light, I would | ofind that, for procedural puiposes, the OWC is the functional equivalent of the district court. Thus, the change in jurisdiction for workers’ compensation cases from the district court to the OWC did not *172 alter the requirement that, as with district courts, the same five-judge panel safeguard should apply.
For these reasons, I would reverse the court of appeal and remand this matter to a five judge panel to resolve the merits of this case.

. Albe stated:
Prior to July 1, 1983, all claims for worker’s compensation benefits were filed as a civil suit in state district court. In 1983, the Office of Worker’s Compensation Administration was established, and disputed claims for worker's compensation benefits were evaluated by the director of the OWC, who issued an advisory recommendation which could be accepted or rejected by the employee. If the employee rejected this recommendation, he was free to file suit in district court.
The worker's compensation adjudication system was again changed by Act 938 of 1988, which became effective January 1, 1990. Under Act 938, a system of nine administrative hearing officers was created, and the hearing officers were vested with "original, exclusive jurisdiction over all claims filed pursuant to the Worker’s Compensation Act.” However, in Moore v. Roemer, 567 So.2d 75 (La. 1990), this court invalidated the hearing officer system, holding that Act 938 of 1988 divested the district court of original jurisdiction in violation of La. Const. art. V, § 16(A). See Long v. Insurance Co. of North America, 595 So.2d 636 (La.1992).
Subsequent to Moore v. Roemer, LSA-Const. Art. V, § 16(A) was amended to provide, in relevant part:
Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
LSA-Const. Art. V, § 16(A)(1); (Emphasis added). This amendment became effective on November 8, 1990.
*172 LSA-R.S. 23:1310.3(E) is the statutory grant of jurisdiction to hearing officers authorized by LSA-Const. art. V, § 16(A)(1). It states:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.
LSA-R.S. 23:1310.3(E)(Emphasis added).
[[Image here]]
The Office of Worker's Compensation Administration was created within the Department of Labor for the purpose of administering the provisions of the Workers' Compensation Act. La.R.S. 23:1291. The administrative hearing officers are appointed by the director of the Office of Workers’ Compensation Administration, who is in turn subject to the general administrative authority of the secretary of the Department of Labor. La.R.S. 23:1310.1 and La. R.S. 23:1310.2. There is no doubt that the Office of Workers' Compensation ... is an administrative agency.
[[Image here]]
Administrative agencies are a governmental hybrid, exercising powers similar to those exercised by all three branches of government. While agencies have rulemaking authority that shadows the powers of the legislature, they do not have the power to make law. Similarly, agencies have adjudicative and fact finding powers that mimic those exercised by courts. Although we recognize the Office of Workers’ Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V. Put simply, the hearing officers of the Office of Workers’ Compensation Administration are not authorized to exercise “judicial power’’ under Art. 5, § 1. Their authority was properly restricted to “administrative agency determinations” by Art. V, § 16(A). [emphasis added]
Albe, 700 So.2d at 826-828.